## Joseph E. Beebe v. Absalom Young and Another.

*Fraud. Representations. Principal and Agent.* In a transaction with B., Y. in good faith represented to him that a certain mortgage was properly recorded, and a primary security upon certain lands in Pennsylvania, but which proved untrue. Y. also referred B. to his agent in Pennsylvania, who assured him to the same effect. B. relied and acted upon the information received from both. *Held,* that Y. was bound by the representations made by himself, as well as by those of his agent.

*Submitted January 5th.    Decided April 4th.*

Appeal in Chancery from Jackson Circuit.

The bill was filed to set aside a deed executed by the complainant to the defendant, Sarah Young, conveying certain lands, situated in the county of Jackson, on the ground of fraud.

BEEBE *v.* YOUNG.

The Court below made a decree in favor of the complainant.

The facts are stated in the opinion.

*G. T. Gridley*, for complainant.

1. When a party misrepresents a material fact, knowing it to be false, or makes the assertion without knowing it to be true or false, he is responsible. — 1 *Story's Eq. Jur.* § 193, note 1; 9 *Ves.* 21; *Freem. R.* 57; 2 *Bro. Ch.* 389.

2. And even if the party innocently misrepresents a material fact by mistake, it is equally conclusive, for it operates as a surprise and imposition upon the other party.—1 *Story's Eq. Jur.* § 193, note 2.

3. The general rule is that an act done, or contract made under a mistake, or ignorance of a material fact, is voidable in equity. — 1 *Story's Eq. Jur.* § 140; 1 *Vez.* 126; 1 *Ves.* 210.

4. The defendants are responsible for the statements of Maxwell. He was their attorney; he then held the securities for the defendants. The complainant is referred to him, and he gives an untrue statement.

5. The defendant cannot claim that he was simply stating information of the facts. It was not belief that he expressed. His statements were positive assertions of facts, and to secure belief and confidence in them, gave his information.

*Johnson & Higby*, for defendants.

1. If a man states a falsehood, although he believes it to be true, he is in equity liable, provided he makes that statement upon his own responsibility, but not when these statements are professedly made upon supposed truthful representations of others. — 5 *Johns. Ch.* 79; 7 *Id.* 194; 1 *Smith's L. cases*, 238; 2 *Smith's L. cases*, 157 *and note*; 6 *Ves.* 174; 3 *T. R.* 51; 2 *Paige*, 390; 7 *Id.* 124; 1 *Barb. Ch.* 125; 4 *Dana*, 369; 100 *E. C. L.* 844; 1 *Pars. on Con.* 56, *and note e, and cases therein cited;* 10 *Meeson and Welsby*, 1; 13 *Peters U. S.* 26.

14 MICH.—R.

2. Where a fact is equally unknown to two parties, or where each has equal and adequate means of information, or where the fact is doubted from its own nature, in every such case, if the parties have acted with entire good faith, a court of equity will not interpose. —1 *Story's Eq. Jur.* §§ 149, 150, 151.

CAMPBELL J.

Complainant in June, 1857, sold to defendant Sarah Young, wife of Absalom Young, certain lands in Jackson county, and agreed to and did furnish also a certain amount in building materials. In payment he received a mortgage on lands in Pennsylvania, payable in several instalments, made by one Huffert to Absalom Young to secure a part of the purchase money of the mortgaged premises. This mortgage was dated in April, 1854, but was not recorded until September, 1855; and between these dates several judgments were recorded against Huffert, which cut off this mortgage entirely, he being insolvent, and the judgments absorbing his estate. Complainant files his bill, setting forth that he was induced to make the bargain by assurances that the mortgage was duly recorded and a valid security.

No actual fraud is claimed against Young, as the Pennsylvania papers were in the hands of his attorney in that State, and all of his own knowledge was obtained through his information. But it is claimed that Beebe acted upon assurances of the proper condition of the security.

We think the evidence makes out a complete case for complainant. There is distinct evidence that Young represented the mortgage to have been properly recorded, and to be a primary security against the lands covered by it. The assurances of his agent in Pennsylvania were strong and positive that the debt was amply secured. It is quite clear that Beebe was not disposed to act upon any other basis. Young was bound by Maxwell's statements as well as by his own, as he had referred to him for information. The correspondence

with Maxwell shows that he was referred to for corroboration of Young upon the principal facts, and for information of a different character concerning the prospects of early collection. Beebe showed diligence in seeking all the information accessible from the source pointed out by Young, and acted upon what he so received. It was the only inducement to the bargain into which he entered. Although Young was not guilty of any moral wrong, yet he did in fact become responsible for the deception of Beebe, and the correctness of his motives cannot discharge him from liability for his injurious acts. Beebe is as much wronged as if the fraud had been intentional, and is entitled to the same relief which such intentional wrong would have justified. Mrs. Young has no equities of her own, and stands on the same footing with her husband. The decree below, rescinding the bargain, was correct, and must be affirmed with costs. The time allowed defendants to make payment will be extended till three months from the date of this decree.

CHRISTIANCY and COOLEY JJ. concurred.

MARTIN CH. J. did not sit in this case.