## George Reeves v. Peter Kelly.

*Agency: Representations of agent.*  Where one sends another who desires to purchase lands of him to his father to make a bargain, with a statement that whatever bargain they should make he would agree to, the person thus sent would be authorized to regard the father as the son's agent for the purpose of making a bargain, and the statements of the father while negotiating the sale would bind the son.

*Promissory notes: Failure of consideration: Sale of lands: Quit-claim deed: Reconveyance.*  In an action upon a promissory note, given for the purchase price of land, where the defense is that the vendor of the land falsely and fraudulently represented that he was the owner, while in fact he had no title whatever, and the conveyance was a mere quit-claim, a tender of reconveyance of the land is not essential, since, if there was no title, there is nothing to reconvey, and there are no covenants to release.

REEVES *v.* KELLY.

*Possession: Evidence: Explanations.* It having been shown in such action that defendant took possession under the plaintiff's deed, and still remained in possession, it was admissible for him to show, in explanation of his possession, that his wife, after the real owner had sued him in ejectment and recovered judgment, had purchased the title, and that defendant thereafter held under her purchase.

*Ejectment: Judgment: Title: Evidence.* The judgment record in such ejectment suit was admissible evidence in the action upon the promissory note; while it would not be conclusive that defendant got no title on his purchase, yet, in connection with the evidence given, that plaintiff was notified of the ejectment, and followed, as it might have been, with evidence that the title the plaintiff pretended to have was litigated in that suit, it would have a tendency to establish the defense.

*Charge to the jury: Judgment: Ejectment: Title: Evidence.* The charge to the jury that the judgment in the ejectment suit was *prima facie* evidence that the defendant obtained no title by the conveyance from the plaintiff, was erroneous in the absence of proof that the plaintiff's title was actually passed upon in that suit: while it might be a link in the chain of evidence to establish that fact, and hence admissible, it would need to be supplemented by a showing that plaintiff's title was in fact there litigated.

*Practice: Charge to the jury: Objections.* Objections to portions of the charge on the ground that it misrepresented the evidence, will not be considered on review, where it does not appear that the attention of the court below was called to the supposed discrepancies at the time.

*Submitted on briefs July 17.   Decided July 24.*

Error to Livingston Circuit.

*H. H. Harmon,* for plaintiff in error.

*Dennis Shields,* for defendant in error.

COOLEY, J.

This was an action upon a promissory note given by defendant to Ira V. Reeves, a son of the plaintiff. The defendant did not deny the execution of the note, but gave notice of defense that the note was given for the purchase price of land which Ira V. Reeves falsely and fraudulently represented he was owner of, but to which he had no title whatever.

On the trial the defendant was permitted to show that his bargaining for the land was with the plaintiff, to whom Ira V. Reeves had sent him with the statement that he could make a bargain with his father, and whatever bargain they should make, he would agree to. This was

objected to, but was properly allowed.   Such a statement authorized the defendant to regard the father as the son's agent for the purpose of making a bargain, and bound the latter by his statements.

The plaintiff also objected to any evidence in support of the notice of defense, because it was not proposed. to show that defendant had ever tendered a reconveyance of the land.  But we do not think this was essential.  The defendant undertook to show that the plaintiff had no title whatever to the land, and that the deed given by him was a mere quit-claim.  If this was established, there was nothing to reconvey, and no covenants to release.

It being shown in the case that defendant took possession under the plaintiff's deed, and that he still remained in possession, he was allowed, under objection, to explain this fact, and to show that his wife, after the real owner had sued him in ejectment and recovered judgment, had purchased the title, and that defendant now held under her purchase.  We think this evidence admissible.  It was put in to meet any claim of the plaintiff that defendant was still holding under his purchase from Ira V. Reeves, and that consequently no total failure of consideration for the note could have occurred.

The judgment record in the ejectment suit against the defendant was also received in evidence, under the plaintiff's objection, but we think correctly.   Defendant's purchase was in January, 1867.  In April, 1868, one Booth, claiming to be owner, brought the suit in ejectment, and on trial had a verdict and judgment in his favor.   These proceedings would not be conclusive in favor of defendant that he got no title by the deed from Ira V. Reeves; but in connection with evidence which the defendant gave, that he notified Reeves of the ejectment suit, and followed, as it might have been, with evidence to show that the title which Reeves had pretended to have was litigated in the ejectment suit, it had a tendency to establish the defense.

Some evidence was given, which, perhaps, if properly con-

nected with the ejectment suit, might have shown that the Reeves. claim was actually passed upon in that case. But the connecting evidence was not introduced. It is consistent with any thing that appears in the case, that the verdict in the ejectment case may have been rendered for the plaintiff upon grounds entirely consistent with an ownership in Reeves at the time he assumed to convey. And in this connection it may be said that the charge of the court, that the judgment in the ejectment suit was *prima facie* evidence that the defendant obtained no title by the conveyance from Reeves, was clearly wrong. It might be a link in the chain of evidence to establish that fact, but it would need to be supplemented by some showing of what was litigated in that suit. This record gives us no information on that subject except what we derive from the pleadings and judgment, and those go no farther than to determine the plaintiff's right to possession at the time suit was brought. Several ways might be suggested in which he might have acquired that right without calling in question the Reeves title.

Other portions of the judge's charge are complained of as misrepresenting the evidence, but we do not find that the judge's attention was called to the supposed discrepancies at the time, and therefore need not consider them. And some other objections which were made do not seem to demand special attention. For the error which has been pointed out in the charge, the judgment must be reversed, with costs, and a new trial ordered.

The other Justices concurred.