EINKORN *v.* SCHEMM BREWING CO.

ASSUMPSIT—WAGES—BREW MASTER—EVIDENCE.

In action of assumpsit upon contract of hire and upon common counts for services as brew master for defendant brewing company, latter's comparative statement and balance sheets showing amount due him which stood undisputed notwithstanding defendant failed to produce books and papers it had been given notice to produce *held,* sufficient to warrant judgment for plaintiff.

Appeal from Saginaw; Martin (William H.), J. Submitted October 14, 1936. (Docket No. 108, Calendar No. 39,202.)    Decided December 8, 1936.

Assumpsit by George Einkorn against Schemm Brewing Company, a Michigan corporation, for wages due. Judgment for defendant. Plaintiff appeals. Reversed.

*O'Keefe & O'Keefe,* for plaintiff.

*Irving M. Hart* and *Floyd T. Fuss,* for defendant.

Toy, J.   Plaintiff brought suit to recover back wages claimed to be due him from defendant for services performed for it as a brew master. Plaintiff declared upon a contract of hire and upon the common counts. After trial without jury the trial court found for defendant. Plaintiff appeals.

The record before us shows that the defendant corporation was incorporated January 5, 1933, and that among its officers for that year were Charles Leiter, president, and Sam Siegel, secretary and treasurer; that plaintiff was hired by said Leiter and one Shore in February of 1933, to work for defendant at a salary of $75 per week; that during that same month plaintiff commenced work at defendant's brewery at Saginaw; that he worked for defendant approximately one and one-half years thereafter; that he received portions of his pay during that time from defendant, sometimes through Mr. Bolin, a director, sometimes it was paid by Mr. Siegel, the treasurer, sometimes by the auditor of defendant. Balance sheets of the defendant prepared by its auditor and accountant showed, under the accrued pay roll account, the item of plaintiff's employment, and the amount of wages due him. A comparative statement of the company as of July

25 and July 31, 1934, prepared by its auditor, disclosed that there was due plaintiff the sum of $2,760. Since then he was paid $50 on account, leaving a balance due him of $2,710. Both plaintiff and the witness Heuser (defendant's auditor during 1933–1934), testified that such amount was due plaintiff. None of the foregoing testimony was denied. It stands undisputed. Furthermore at the trial, although notice to produce its books and papers had been given defendant by plaintiff, none were produced, but instead, the present president of the corporation, a Mr. Hart, testified that he did not have them, nor know where they were. The auditor testified that he had turned the books over to Mr. Siegel, the treasurer. Mr. Siegel was in court at the beginning of the trial, but when the question of the absence of the books of the corporation came up, he was not there. No showing or reason was given for his absence. No showing as to the whereabouts of the books of the corporation was made by defendant.

This failure to produce the books or explain their absence, cannot but give rise to an inference that had such books been produced, they would have disclosed facts inimical to defendant's case.

We think the foregoing testimony, undisputed as it is, makes a case for plaintiff. *Whitaker* v. *Kilroy,* 70 Mich. 635; *Fuchs* v. *Standard Thermometer Co.,* 178 Mich. 37.

The judgment entered below will be reversed and the cause remanded to the circuit court for entry of judgment for plaintiff in the amount of $2,710 plus interest at 5 per cent. from July 31, 1934. Costs to plaintiff.

NORTH, C. J., and FEAD, WIEST, BUTZEL, BUSHNELL and SHARPE, JJ., concurred. POTTER, J., did not sit.