HEUSER *v.* SCHEMM BREWING CO.

1. EVIDENCE—EXCEPTION TO HEARSAY RULE—REFERENCE TO AN-
OTHER.

If one party refers another, on a disputed fact, to a third
person as authorized to speak for the referer, he is bound by
what his referee answers upon the occasion.

2. CORPORATIONS—CONTRADICTION OF PLAINTIFF'S CLAIM BY PLAIN-
TIFF'S REFEREE.

Testimony of president of corporation that former corporate
official, to whom plaintiff had referred president to verify
plaintiff's claim that he had been hired by corporation, con-
tradicted plaintiff's claim *held,* admissible and sufficient to
support trial court's finding that plaintiff was not so hired,
even though former corporate official was not shown not to
have been available as a witness.

3. SAME—BURDEN OF PROOF.

In action by plaintiff against corporation for balance of salary
claimed to be due from defendant as its office manager, plain-
tiff had burden of establishing his claim by a preponderance
of the evidence.

4. ASSUMPSIT—OFFICE MANAGER—SALARY—PREPONDERANCE OF EVI-
DENCE.

Judgment for defendant in action of assumpsit for balance of
salary on both an express contract and common counts alleged
to be due plaintiff from corporation as latter's office manager
*held,* not against preponderance of the evidence.

Appeal from Saginaw; O'Neill (James E.), J.
Submitted June 8, 1938. (Docket No. 37, Calendar
No. 40,089.) Decided October 3, 1938. Rehearing
denied November 10, 1938.

Assumpsit by Charles Heuser against Schemm
Brewing Company, a Michigan corporation, for sal-

ary due.  Judgment for defendant.  Plaintiff appeals.  Affirmed.

*William C. O'Keefe* and *Hugo E. Braun,* for plaintiff.

*Irving M. Hart* and *A. W. Ganschow,* for defendant.

POTTER, J.  Plaintiff sued defendant to recover $1,855, and interest from April 15, 1934, which he claims is due him for services performed for it as office manager.  Plaintiff's declaration is upon an express contract for hire and upon the common counts in assumpsit.  After trial without a jury, the court rendered judgment in favor of defendant.  Plaintiff appeals.

Defendant corporation was incorporated January 5, 1933, and among its officers for that year were Charles Leiter, president, and Sam Siegel, secretary and treasurer.  Plaintiff was hired by Leiter and one Shore to go to Saginaw and work at the Schemm Brewing Company's office as office manager at a salary of $100 a week.  Plaintiff assumed his duties September 1, 1933, set up a system of bookkeeping and remained until April 15, 1934, when he left.  After leaving the employment of the Schemm Brewing Company at its plant, plaintiff was called back several times to perform additional services in connection with the making up of certain reports and to sign statements, balance sheets, et cetera.  The balance of $1,855 which plaintiff claims is due him is the total balance not only for the regular employment, but for the additional services afterward performed.

Plaintiff was paid by cash and checks which were signed by Sam Siegel, treasurer of defendant cor-

poration. Mr. Gus D. Jacobs, one of the officers of defendant, testified he knew plaintiff worked for defendant as office manager, but on cross-examination it was brought out that, although second vice-president of the corporation, Jacobs' duty was only to supervise equipment. He attended only the first directors' meeting and one other and had nothing to do with the financial affairs of the company. In August, 1933, when plaintiff was hired, Mr. Shore was defendant's president, Leiter secretary, and Siegel treasurer. Shore and Leiter also paid plaintiff money on account. Notice was given defendant to produce certain records and failing to do so, stating they were not to be found, plaintiff introduced copies. A copy of the balance sheet which plaintiff prepared showed, under the accrued payroll account, the amount of wages due plaintiff. Another copy prepared by plaintiff, being the comparative statement of the company as of July 25 and July 31, 1934, shows the sum due plaintiff. Plaintiff testified Shore paid him $3,000 cash and told plaintiff to give himself credit for this payment for which he could take stock when the corporation began to sell beer. He said this was given to him by Shore personally and not as defendant's agent. This was apparently an adjustment in plaintiff's salary because he asked for $7,500 a year at the time of the hiring, but the compromise figure of $100 a week was finally arrived at. No stock had as yet been authorized by the Michigan securities commission, nor had a license to operate the brewery been obtained from the liquor control commission, during the time plaintiff was at defendant's plant in Saginaw. Defendant at this time was capitalized for $50,000, with but $25,000 paid in. Of this amount, $15,000 had been paid out on a land contract, leaving but $10,000 for

the rejuvenation of the plant. After plaintiff left Saginaw, Michael J. Hart became its president. The company was then incorporated for $500,000, its capital stock being increased. Mr. Hart stated that when he joined the company he did not find a complete set of books, but had to rely upon figures gathered by the auditors from correspondence, et cetera, by which accounts were verified.

It is plaintiff's claim he was employed by Leiter and Shore as officers of defendant to work for it and that it owes him the money claimed. Defendant says plaintiff was never employed by it but was working personally for Shore and Leiter, the promoters of the corporation who were putting large sums of money into the plant, to keep a record of their expenditures, to keep their books as to their own money for them, and that he was their personal agent at the plant. Plaintiff testified in support of his claim that he was defendant's employee. Hart, defendant's president in 1935, was approached by plaintiff and told the company owed him (plaintiff) money for salary. Hart said he had no knowledge of the matter but assured plaintiff if there was any money owed to him by the Schemm Brewing Company it would be paid. On cross-examination of plaintiff, he admitted when the demand upon Hart was made he referred Hart to Leiter to verify his demand. The testimony relative to the demand and reference to Leiter for verification is undisputed. Hart testified that shortly after plaintiff made demand upon him for payment for his services, he (Hart) contacted Leiter in accordance with plaintiff's reference and Leiter stated plaintiff was working for him and Shore personally and the amount of plaintiff's demand was in excess of what he had coming. Plaintiff's testimony that he was hired by

defendant, though supported by Jacobs, is contradicted by Leiter. Shore is now dead. There is no showing Leiter is not available as a witness.

Plaintiff claims the testimony of Hart with reference to conversations claimed to have been had with Leiter not in the presence of plaintiff were not competent on the ground it was hearsay as to him.

In *Rosenbury* v. *Angell*, 6 Mich. 508, 1 Phillips on Evidence (4th Am. Ed., by Edwards), p. 517, was quoted as follows, "So if one party refers another, on a disputed fact, to a third person, *as authorized to answer for him*, he is bound by what his referee answers upon the occasion, as much as if the answer had been given by himself," and it was said:

"Here is the rule, with the reason for it; and we think it entirely correct; *  *  *

"There may be cases in which the circumstances, and the mode of reference, may be such as to make it a question of fact for a jury, under the charge of the court, to determine whether the reference was intended to make the third person an agent, with authority to speak for the party."

"On the trial the defendant was permitted to show that his bargaining for the land was with the plaintiff, to whom Ira V. Reeves had sent him with the statement that he could make a bargain with his father, and whatever bargain they should make, he would agree to. This was objected to, but was properly allowed. Such a statement authorized the defendant to regard the father as the son's agent for the purpose of making a bargain, and bound the latter by his statements." *Reeves* v. *Kelly*, 30 Mich. 132.

The rule established by these cases is the rule recognized in 22 C. J. p. 385; 1 R. C. L., p. 484; 2 Wigmore on Evidence (2d Ed.), p. 552, § 1070; 2

Jones' Commentaries on Evidence (2d Ed.), p. 1785, § 971; 1 Phillips on Evidence (5th Am. Ed.), p. 428; Chamberlayne's Trial Evidence (2d Ed.), § 533; and by the authorities generally.

In *Beebe* v. *Young,* 14 Mich. 136, the principle laid down in the *Rosenbury Case* was followed. It was held that where a party sells land and takes in payment a mortgage, relying upon statements of the buyer and of a party to whom he was referred by the buyer, that the buyer will be bound by the statements of the party referred to.

In *Marx* v. *King,* 162 Mich. 258, it was held that if a principal advised a purchaser of goods who usually dealt with a salesman, which salesman had been making prices to the purchaser below the usual invoice rates, that any prices or arrangements made by the salesman would be satisfactory to him, he (the principal) would bring himself within the rule that if one party refers another to a third person for information, as authorized to act or answer for him, he will be bound by the actions and statements of the person so referred to.

*Garey* v. *Kelvinator Corp.,* 279 Mich. 174, is to be distinguished from the factual situation here involved. In it, Wiley, defendant's attorney and secretary, was the one who suggested to Garey that he procure statements from others relative to the merits of Garey's claim for compensation. The record did not show Wiley's authority to bind defendant by his suggestion to Garey. In the instant case, plaintiff constituted Leiter his agent to make certain statements to Hart. In the *Garey Case,* the statements were introduced by Garey to bind the corporation when it was not shown the company authorized them. It was held the introduction of this testimony was improper.

In the instant case, the trial court found plaintiff made Leiter his agent to make statements to Hart, which bound him (plaintiff) in the matter. The corporation is not objecting to the introduction of the statements. The objection comes from the person who authorized the statements to be made.

*Einkorn* v. *Schemm Brewing Co.*, 278 Mich. 105, is not decisive of the point here considered. In that case, Hart testified that Einkorn referred him to Charles Leiter, that he went to Leiter to ascertain what he knew. When the question was asked Hart "What did Mr. Leiter say as to his hiring Mr. George Einkorn?" it was objected to as hearsay and the objection sustained. Judgment was affirmed. The result would have been different if Einkorn had testified he had referred Hart to Leiter; and if that had been the case, the question would have been proper.

The testimony of Hart in this case was competent. The burden was upon the plaintiff to establish his claim by a preponderance of the evidence. *Strand* v. *Railway Co.*, 67 Mich. 380 (4 Am. Neg. Cas. 70). Hart's testimony being competent, we cannot say the trial court erred in its finding of fact or that the judgment is against the preponderance of the evidence.

Judgment affirmed, with costs.

Wiest, C. J., and Bushnell, Sharpe, Chandler, North, and McAllister, JJ., concurred. Butzel, J., took no part in this decision.