KULESZA *v.* WYHOWSKI.

1. FRAUD—EXPRESSION OF OPINION.
   Mere honest expression of opinion will not, although the
   opinion may prove to be erroneous, be regarded as fraud,
   either as the basis of an action for deceit or as a ground
   for setting aside or refusing performance of a contract.

2. SAME—PROSPECTIVE PROFITS—EXPRESSION OF OPINION.
   In an action for misrepresentation and fraud, statements
   by defendants as to the prospective profits to be made by
   plaintiff and defendants in a joint enterprise in purchas-
   ing land and cutting the timber thereon, which were
   mere expressions of opinion, were not actionable, and a
   verdict should have been directed for defendants.

3. SAME—PLEADING—MISTAKE.
   Where the declaration did not count upon any misrepre-
   sentation in showing plaintiff the timber upon adjoining
   lands, and the record is clear that defendants were as
   much mistaken in the location of the boundary line as
   was plaintiff, there could be no recovery therefor.

Error to Muskegon; Vanderwerp (John), J. Sub-
mitted January 14, 1921. (Docket No. 78.) Decided
March 30, 1921.

Case by Mike Kulesza against Felix Wyhowski and
another for alleged misrepresentation and fraud.
Judgment for plaintiff. Defendants bring error. Re-
versed.

*John A. McLaughlin* and *Cross, Foote & Sessions*,
for appellants.

*Willard J. Turner,* for appellee.

SHARPE, J. The plaintiff sues to recover damages
for alleged misrepresentation and fraud. The declara-

tion contains but one count. It alleges, in substance, that on November 25, 1917, the defendants did represent and pretend to plaintiff as true that the defendant Wyhowski was the owner of a valuable timber tract in the county of Muskegon and that if plaintiff would enter into an enterprise with them in taking timber from said land and put in a few hundred dollars he would realize therefrom in four or five months three to four thousand dollars profit; "that it was a sure thing and a good investment and could not fail in the time aforesaid to yield him, said plaintiff, large returns aforesaid"; that plaintiff relied on such representations and was induced thereby to put into said enterprise $635. The declaration then alleges the falsity of such representation to the knowledge of defendants, and states that they were made for the purpose of deceiving plaintiff and that he was deceived thereby; that said land was not covered with heavy timber, but mostly with oak grubs of no practical value; that by reason of the fraud and deceit so practiced on him he lost the money put in by him, and seeks damages by reason thereof.

The misrepresentations relied on may be thus stated:

*First.* That Wyhowski was the owner of a valuable timber tract.

*Second.* That plaintiff's profit in the enterprise would be certain and amount to several thousand dollars.

The plaintiff testified in his direct-examination as follows:

"They told me at that time (November 25, 1917) that I should invest my money and buy that land and that we could cut the timber on it and make money. That is all that was said, that we would cut that up into boards and sell it and that I wouldn't have to work any longer at the foundry. * * * They said it was big, heavy timber. * * * They didn't exactly

say how much there would be earned off that land, but that the four of us would make around fifteen thousand dollars in about six months to a year."

That he believed those statements and, relying on them, he put up the money. That before that date he had gone out with the others and looked at the timber and that the land they showed him "was covered with a heavy growth of large timber." That he went and looked at the timber a second time at a later date, accompanied by a friend. It further appears from his testimony that when they first talked about it he knew that Wyhowski did not own the land. That on November 24, 1917, Wyhowski purchased three 40's under contract from Kate McShannock for $1,200, on which $400 down payment was made. That $200 of this was paid by plaintiff, Wyhowski on the same day, at plaintiff's request, executing a contract to sell one 40 to plaintiff's brother Waclaw for $600, of which sum the $200 paid by plaintiff was acknowledged as part payment. Waclaw, apparently without making any payment, was treated as a party in the "enterprise," as the witnesses called it. A sort of organization was attempted, the defendant Rola Kulesza was made president, Waclaw Kulesza secretary, the plaintiff treasurer, and Wyhowski manager. Plaintiff mortgaged his home for $500, and $450 of this and some moneys put in by Wyhowski were placed in a bank to be drawn out only on checks to be signed by plaintiff and Wyhowski. A sawing machine was purchased, and plaintiff and his brother, with some men who were hired to assist, went to the woods and began operations. A considerable quantity of timber was cut, but the heavy snowfall in the winter of 1917-1918 much interfered with their work. Some of the timber cut was from the land of an adjoining owner, owing to a mistake in the location of the boundary line of their lands.

The plaintiff further testified:

"I worked there about three weeks * * * and then I had to go back to the foundry because I couldn't make my living there."

The enterprise was finally abandoned. The record is not clear as to what was done with the timber cut and the machine and tools except that it is claimed that Wyhowski sold some of them the following winter.

At the close of the proofs the defendants asked for a directed verdict for the reason, in substance, that no actionable misrepresentation charged in the declaration had been proven. This was denied and the case submitted to the jury. A verdict was rendered in favor of the plaintiff for $439.06. From the judgment entered thereon, the defendants appeal.

The defendants insist that the court erred in not directing a verdict in their favor. We feel constrained to so hold. These parties were well known to each other. The plaintiff was 38 years old, and had been in this country 16 years. His business in the old country was farming. None of the parties had any knowledge of lumbering or of the value of standing timber. The price of timber products at that time was abnormal, and it is apparent that all of them believed that a large profit could be obtained in the venture they engaged in. The plaintiff's judgment as to the quantity and character of the timber was as much to be relied on as that of either of the defendants. Wyhowski was a real estate dealer in a small way, and the other defendant kept a small store. Plaintiff had been twice upon the land, had advanced the $200 and procured the contract for the one 40 to be taken in his brother's name before the representations relied on were claimed to have been made. The representations as to the profit (denied, however, by the defendants), if made as claimed, were but an expression of the visionary hopes of men without knowledge or experience on

which to found them, and form no sufficient basis for recovery. The plaintiff could not have understood that more than an opinion was expressed by the defendants, and the record is bare of any testimony tending to show any intent on the part of the defendants to defraud plaintiff. The claimed representation was but in accord with the judgment of the man who accompanied plaintiff to view the timber, who said it was "a pretty nice piece of timber.  *  *  *  If you go at it right you will make a good fortune out of it."

The rule governing such expressions of opinion is thus stated:

"Mere expressions of matters of opinion, however strongly or positively made, though they are false, are no fraud, because, as is said in one case, these are matters in respect to which many men will be of many minds, and judgments are often governed by whim and caprice." Cooley on Torts, p. 483.

"To furnish grounds for an action of deceit the representation must be of a matter susceptible of approximately accurate knowledge and must be in form or substance an assertion importing knowledge on the part of the speaker. A statement which by reason either of its form or subject-matter amounts merely to an expression of opinion is not actionable, for it is one upon which reliance cannot safely be placed." 20 Cyc. p. 17.

In a note to *Hedin* v. *Surgical Institute*, 35 L. R. A. 417 (62 Minn. 146, 64 N. W. 158), wherein the cases are fully collected and discussed, it is said:

"The general rule is that the mere honest expression of opinion will not, although the opinion may prove to be erroneous, be regarded as fraud either as the basis of an action for deceit or as a ground for setting aside, or refusing performance of a contract."

See, also, *Myers* v. *Building Ass'n*, 117 Mich. 389.

That of which plaintiff chiefly complains in his testi-

mony is that defendants showed him timber on the adjoining land and represented it to be that which would be cut by them. The declaration does not count on any such misrepresentation, and the record is clear that the defendants were as much mistaken in the location of the line as was plaintiff.

The judgment is reversed, with costs to defendants, and a new trial granted.

STEERE, C. J., and MOORE, FELLOWS, STONE, and BIRD, JJ., concurred. CLARK, J., did not sit.

The late Justice BROOKE took no part in this decision.