DETROIT & SECURITY TRUST CO. *v.* ECHTERNKAMP.

SAME *v.* DeROSIER.

1. FRAUD—MISREPRESENTATIONS—EVIDENCE—SUFFICIENCY.

In actions on promissory notes given by certain members of syndicate as their *pro rata* share of payment on contract for purchase of land, defense of fraud in misrepresenting purchase price of said land, *held,* not supported by evidence.

2. SAME—EXPRESSION OF CONFIDENCE IN FUTURE PROFITS NOT FRAUD.

Expressions of confidence that venture would prove a wonderful success are insufficient to sustain claim of fraud in defense to actions on promissory notes.

3. SAME—MISAPPROPRIATION OF FUNDS.

Claim, in defense to actions on promissory notes, that defendants as members of syndicate were induced to invest in enterprise by payee, who then appropriated to his own use funds belonging to syndicate, *held,* not supported by evidence.

Error to Wayne; Merriam (DeWitt H.), J.  Submitted April 21, 1931.  (Docket Nos. 77, 78, Calendar Nos. 35,531, 35,532.)  Decided June 1, 1931.  Rehearing denied September 10, 1931.

Separate actions of assumpsit by Detroit & Security Trust Company, administrator of the estate of Joseph A. Martin, deceased, against William Echternkamp and another and Eugene R. DeRosier, on promissory notes.  The cases were heard together and consolidated for review by stipulation.  Judgments for plaintiff.  Defendants bring error.  Affirmed.

*Monaghan, Crowley, Reilley & Kellogg* (*Edward T. Kelley,* of counsel), for plaintiff.

*James Gibbons* (*Andrew G. Stevenson,* of counsel), for defendants.

Sharpe, J. The cases were tried together by the court without a jury, and, by stipulation, but one bill of exceptions was settled to be used as the basis for review in this court of the judgments entered in favor of the plaintiff in the circuit court. The action in the first case is on a promissory note, a renewal of one theretofore given by the defendants in that case to Joseph A. Martin, deceased. We quote from the findings of fact filed by the trial court:

"The two defendants were members of a syndicate which was purchasing certain land on land contract. The vendee upon the contract was the Guardian Trust Company of Detroit, which held the vendee's interest for the benefit of the members of the syndicate. Each of the defendants had undertaken in writing to subscribe and pay a certain sum of money to the trustee. Subsequently an assessment to meet payments on the land contract was levied against the members, and the defendants herein were obligated under the terms of the syndicate or trust agreement, to which they were parties, to pay their prorated share of the assessment. The prior note for $400, of which the note in suit was a renewal, represented the unpaid portion of defendants' share of this assessment."

He further found that Martin had paid the assessment for which the first note was given; that he, or his agent, was not guilty of any fraud or misrepresentation in procuring its execution, or in inducing the defendants to become members of the syndicate.

The fraud of which defendants complain is thus stated:

"(a) By deceiving the members of the syndicate in the purchase price of the land, that is, buying it

at $800 per acre and turning it over to the syndicate at $1,400 per acre.''

The answer to this claim is that no representation was made by Martin to either of the defendants as to the purchase price of the land or the price at which he was turning it over to the syndicate. In this respect it differs from *Crowley* v. *McCullough, ante,* 362.

''(c) By stating that great profits would inure to defendants by the investment made by them through him, and due to his professed expert knowledge of the real estate business, upon which they relied.''

Defendants were doubtless induced to invest by the expectation of large profits. What was said to them amounted to no more than expressions of confidence that the venture would prove a wonderful success, and does not support this defense of fraud. *Kulesza* v. *Wyhowski,* 213 Mich. 189; *J. B. Colt Co.* v. *Cousino,* 226 Mich. 518.

''(d) By inducing them to invest in said enterprise and then appropriating to his own use and benefit, funds belonging to the syndicate.''

The evidence does not support this claim. It clearly appears that the proceeds of the note first given were paid by Martin to the trustee for the syndicate.

The other questions presented have received consideration, but do not merit discussion. We do not consider the question of the sale made to defendants being in violation of 2 Comp. Laws 1929, § 9769 *et seq.* (the blue sky law), as it does not appear that the syndicate had not complied therewith.

The judgments are affirmed.

Butzel, C. J., and Wiest, Clark, McDonald, Potter, North, and Fead, JJ., concurred.