DIETERLE. *v.* PEARLL.

1. APPEAL AND ERROR—QUESTIONS REVIEWABLE—IRREGULARITIES IN RECORD.

In suit to set aside a deed, where record contains many irregularities the Supreme Court is limited to consideration of plaintiff's contentions that deed involved was procured through fraud and that there was no valid delivery.

2. DEEDS—DELIVERY—BURDEN OF PROOF—EVIDENCE.

In suit to set aside deed because of lack of delivery, where evidence relating to fact of delivery was uncontradicted, plaintiff failed to sustain burden of proof as to such lack.

3. FRAUD—EVIDENCE—INFERENCES—PRESUMPTIONS.

While fraud need not be shown by direct proof but may be proven by inference from facts and circumstances, it will never be presumed, cannot be lightly inferred, and must be established by a preponderance of evidence.

4. DEEDS—FRAUD—EVIDENCE.

In executor's suit to set aside a deed of the only asset plaintiff had in the estate, which deed had been executed by testatrix allegedly as a result of fraud for purpose of procuring payment of a funeral bill which might otherwise have remained unpaid, plaintiff *held*, to have failed to sustain the burden of proof of fraud.

Appeal from Oakland; Doty (Frank L.), J. Submitted June 12, 1945. (Docket No. 24, Calendar No. 43,007.) Decided October 8, 1945.

Fraudulent misrepresentations inducing gifts to a third person, see 3 Restatement, Torts, § 553.

Bill by Elmer C. Dieterle, executor of the estate of Kittie Pearl Cotcher, deceased, against Verna Pearll, administratrix of the estate of Inez I. Cowley, deceased, and others to set aside a deed. Bill dismissed. Plaintiff appeals. Affirmed.

*Clarence L. Smith,* for plaintiff.

*William H. Wilmot,* for defendants.

BUSHNELL, J.   Plaintiff Elmer C. Dieterle, executor of the last will and testament of Kittie Pearl Cotcher, deceased, sought a decree setting aside a deed executed by Mrs. Cotcher, conveying lake property in Commerce township, Oakland county, Michigan, to her daughter, Inez I. Cowley.

Plaintiff charged in his bill of complaint that the property in question is the only asset in the decedent's estate and that he had arranged to sell it to Herman Rohde for the sum of $3,000, after securing consent in writing from the Cotcher heirs, which money is now in his hands. He further stated that defendant Ora C. Farmer, an undertaker, filed a claim in the amount of $268 covering the funeral expenses of Irene Cooper, deceased, a daughter of Mrs. Cotcher, which he contested; that at the hearing on this claim before the referee, defendant Verna Pearll produced the instrument in question and stated, although she realized Mrs. Cotcher had intended that half of her property should pass to her grandson, Lester James Cooper, as provided in the will, in the event plaintiff would consent to payment of the Farmer claim, the deed to Inez I. Cowley would not be placed on record and would be destroyed.

The deed contained the provisions that the grantor would, "warrant and defend the same against all lawful claims whatsoever, except the grantee herein agrees and assumes to pay my burial

expense, and in addition, thereupon, to pay the sum of $268 to Ora C. Farmer for burial of my daughter, Irene Cooper, deceased, within six months after my death.''

Plaintiff alleged that the instrument was never intended by the grantor to be a deed and was not delivered to the grantee but was procured through fraud motivated by defendants Pearll and Farmer, for the purpose of collecting the Cooper funeral bill, which otherwise might have remained unpaid. Verna Pearll was also named defendant in her capacity as administratrix of the estate of Inez I. Cowley, deceased, and the Cowley heirs were also joined as defendants, on the theory that they knowingly or otherwise participated in an attempted fulfilment of the alleged fraud and as legal heirs of Inez I. Cowley, deceased, might have some ''color of right to the property.''

Defendants in their answer denied the charge of fraud and averred that, prior to the execution of the deed, Mrs. Cotcher had suggested the execution and delivery of a note secured by a mortgage on the property in question, and that a deed be given to Inez I. Cowley, subject to that mortgage, but that in lieu thereof it was ''suggested'' that the deed contain the quoted provision for the payment of the Farmer bill.

Verna Pearll was called as an adverse witness* by the plaintiff. She described herself as being an accountant for 22 years, and stated that she had made out income tax reports for defendant Farmer, but she denied being in his employ at the time the deed was executed, i.e., September 13, 1941. She testified to one payment of $5 by Mrs. Cotcher to Farmer, and later, when questioned by the court, to two payments.

---

* See 3 Comp. Laws 1929, § 14220 (Stat. Ann. § 27.915).—REPORTER.

This witness "handled the affairs of George Cotcher's estate," the husband of Mrs. Cotcher. When asked if she had "another transaction with the widow, Kittie Cotcher," she stated:

"Well, it was planned— * * * That as soon as the estate of George Cotcher could be closed up so that Mrs. Cotcher could save her home, she was going to deed the house which she lived in to her daughter."

She testified the deed had been prepared at the request of Mrs. Cotcher by a lawyer, secured by the witness, and that it was executed in the home of Inez I. Cowley, in the presence of defendants Frank Cowley, Mrs. Cotcher's daughter, Inez, the grantee in the deed, and Inez Mae Cowley, granddaughter of Mrs. Cotcher, and herself. She stated that after Mrs. Cotcher had read and signed the deed it was handed to Frank Cowley, who also read it and witnessed it. He handed it to the witness, Pearll, who again handed it to Mrs. Cotcher, who then handed it to her daughter, Inez I. Cowley, the grantee, while the witness was saying:

"Inez, you must remember that in accepting this deed you will have to take care of your mother's funeral expenses and also the money she owes Mr. Farmer—pay the money she owes Mr. Farmer."

The witness said she took Mrs. Cotcher back to her home and then returned to the home of Inez I. Cowley, where "she gave me the deed and told me she would call me when she wanted it recorded."

Miss Pearll took the deed to her office in Detroit, had it acknowledged before a notary, who was not present when it was executed, and then placed it in her safety deposit box. She produced it at the hearing on claims in the Cotcher estate, and it was re-

corded by Mildred Cowley, one of the grandchildren, the next day, after the hearing. Herman Rohde testified as follows:

"I did not know Kittie Cotcher in her lifetime. I made arrangements to buy this property from Mr. Dieterle, the executor of the estate of Kittie Cotcher. I went to Frank Cowley first and asked him about the place and he said that I can't sell the place to you. You have got to see my attorney, Mr. Dieterle and both girls told me that. That is why I came in contact with Mr. Dieterle. I bought the place from Mr. Dieterle for $3,000 cash with the understanding that I would get my deed later. In June of 1943, I had a conversation with Verna Pearll at this place where I am now living. She said that Mr. Dieterle was not entitled to sell me the place so I had better buy the place from her. She mentioned the price of $3,000 and she turns around and asks more later on after I had fixed the place up."

At the conclusion of plaintiff's case, defendants moved to dismiss the bill of complaint, because of the absence of testimony "of any kind of any fraud, deceit or overreaching."

The trial judge filed a short written opinion in which he stated:

"It is the claim of the plaintiff in this case that the deed was secured by fraud and that there was no delivery or acceptance.

"At the conclusion of plaintiff's proofs, defendants, through their attorney, made a motion to dismiss the case because of plaintiff's failure to establish his claims.

"There was no evidence whatever of fraud and the proofs clearly indicate that there was delivery and acceptance of the deed."

Plaintiff has appealed from the decree dismissing his bill of complaint. Despite the many irregulari-

ties suggested by this record, we are limited to consideration of appellant's only contentions that the deed in question was procured through fraud and there was no valid delivery.

The testimony regarding delivery stands uncontradicted; and, as suggested by the trial judge in a colloquy in the record, the proofs as to fraud are only inferential. Although "fraud need not be shown by direct proof but may be proven by inference from facts and circumstances," *Richardson* v. *Ball,* 300 Mich. 424, 435, nevertheless "fraud will not be presumed and cannot be lightly inferred but must be established by a preponderance of evidence," *Fahey* v. *Pell,* 310 Mich. 280, 281, and authorities therein cited.

The questions of Farmer's claim and Rohde's rights, if any, are not before us and we express no opinion as to either.

Plaintiff failed to sustain the burden of proof of fraud and lack of delivery. The decree dismissing the bill of complaint is affirmed, with costs.

STARR, C. J., and NORTH, BUTZEL, SHARPE, BOYLES, and REID, JJ., concurred. The late Justice WIEST took no part in the decision of this case.