GRAHAM *v.* MYERS.

1. FRAUD—USED CARS—EVIDENCE.
   Plaintiff's testimony that defendant used-car dealers stated that 7-year-old used car "was in good shape—a nice, clean car" *held,* not to have established claim of fraud in that there was a misrepresentation that it was free of defects and in good mechanical order, where it is undisputed that defendants had no knowledge of any mechanical defect.

2. SAME—PRESUMPTIONS—INFERENCES.
   Fraud will not be presumed and cannot be lightly inferred.

3. SAME—BURDEN OF PROOF—EVIDENCE.
   The burden rests upon those relying on fraud as the basis for the recovery of damages to establish it by clear and satisfactory proofs.

4. SAME—HONEST EXPRESSION OF OPINION.
   A mere honest expression of opinion will not, although proved erroneous, be regarded as fraud.

5. SAME—ELEMENTS.
   To constitute actionable fraud, it must appear that defendant made a material representation which was false, that he knew it was false or made recklessly without any knowledge of its truth and as a positive assertion.

---

REFERENCES FOR POINTS IN HEADNOTES
[1-5] 23 Am Jur, Fraud and Deceit §§ 122, 123, 132.
[2, 3] 23 Am Jur, Fraud and Deceit § 131; 24 Am Jur, Fraud and Deceit §§ 256, 257.
[3] 24 Am Jur, Fraud and Deceit § 255.
[5] 23 Am Jur, Fraud and Deceit § 20.

Appeal from Genesee; Elliott (Philip), J. Submitted January 28, 1952. (Docket No. 98, Calendar No. 44,861.) Decided April 7, 1952.

Action by Stanley M. Graham against J. L. Myers and Norman A. Jaeger, copartners doing business as Myers & Jaeger Used Cars, for damages for alleged fraudulent misrepresentation. Verdict and judgment for plaintiff. Defendants appeal. Reversed and remanded.

*Donald R. Freeman,* for plaintiff.

*Bobier & Stewart,* for defendants.

BOYLES, J. In January, 1949, the plaintiff traded his 1940 Nash automobile to defendants for a 1942 Nash and assumed an obligation to pay $660 difference. After using the 1942 Nash for about 2 months, plaintiff had it returned to the discount company which had financed his purchase, and brought the instant suit against the defendants, who are used-car dealers, for damages, alleging in his declaration that they "fraudulently and falsely represented the said automobile to be free of defects and in good mechanical order." After issue was joined, the case was tried before a jury, with verdict for plaintiff. From the judgment entered thereon the defendants appeal. Among many questions urged for reversal, appellants' first and principal claim is that the plaintiff failed to prove fraud.

Plaintiff went to the defendants' used-car lot on a Saturday to trade his automobile for another used car, and took with him a friend who was in the garage business, as he stated "because I figured he knew more about used cars than I did." Together they examined the 1942 Nash, and plaintiff took a ride in it with defendant Jaeger driving. Plaintiff

did not drive the car before purchase, he was told that their insurance wouldn't cover it. Plaintiff agreed to the trade, went home and got the title to his 1940 Nash, went back and got the 1942 Nash and drove it home. On the way, he noticed that the car toed to the left. He went back to defendants' car lot on Monday, but did not drive the car back because something went wrong with the transmission. He told the defendants what had happened and they repaired the transmission for him. He also told them that the car toed to the left, but the defendants told him he would have to have that fixed himself, which he did. After that, the car worked all right for about a month-and-a-half until something went wrong between the transmission and the universal, whereupon plaintiff turned the car back to the discount agency and brought the instant suit for damages for fraud and deceit.

For reasons apparent in the record, plaintiff elected to rely upon fraud rather than breach of warranty. He had signed an agreement:

"Date: 29 Jan. 1949

"I, the undersigned hereby certify that I have this day received delivery of one 1942 Nash car bearing license No GB 3603, motor No MS 8462. I have driven and tried same and found it in good mechanical condition in every detail, and I accept same in its present condition with no promise, representations, or verbal agreements, of any kind whatsoever made to me in connection with the sale of the above described car.

"I have personally examined all papers and read them before signing same. I understand there is no warranty whatever with this car unless I have received a written warranty at this time before signing this statement." (There is no claim of written warranty.)

The only proof adduced by plaintiff to establish misrepresentation and fraud is in his own testimony. He testified:

"I asked what shape it was in.  *  *  *  They told me that it was in good shape—a nice, clean car. *  *  *  He said that it was in good shape, it was a clean car."

Plaintiff bases his claim for damages on the ground that the defendants fraudulently and falsely represented the said automobile to be free of defects and in good mechanical order. Plaintiff's testimony does not establish a claim of fraud. Nor is he materially aided by the fact that he did not drive the car when the defendants said that it would affect their insurance. Plaintiff makes no claim that the defendants made any statements regarding the mechanical condition or operation of the automobile. There was undisputed proof that the defendants had no knowledge of any mechanical defect either in the transmission or differential or elsewhere, or any difficulty in steering the car on the road. Defendant Jaeger who drove the car for the ride with the plaintiff testified that he did not notice any difficulty or any toeing to the left. The plaintiff later had the "toeing" taken care of. In fact, so far as the record discloses, with the exception of those 2 claimed defects, it was true that the car at that time was in good shape and a nice clean car. The testimony is undisputed that it had been recently painted and its upholstery and appearance and outward condition was very good for a 7-year-old used car.

Plaintiff relies largely on *Curby* v. *Mastenbrook,* 288 Mich 676, which was not a fraud case. In that case the plaintiff based his suit on a claim of negligence in that the defendant told the plaintiff that the car was "in perfect condition." There is no other similarity with the case at bar.

Fraud will not be presumed and cannot be lightly inferred. *Fahey* v. *Pell,* 310 Mich 280; *Gardner* v. *Gardner,* 311 Mich 615; *Dieterle* v. *Pearll,* 312 Mich 134.

"The burden rests upon those relying on fraud as the basis for the recovery of damages to establish it by clear and satisfactory proofs." *Groening* v. *Opsata* (syllabus), 323 Mich 73.

A mere honest expression of opinion will not, although proved erroneous, be regarded as fraud. *Kulesza* v. *Wyhowski,* 213 Mich 189.

"The legal elements of fraud are stated in *Candler* v. *Heigho,* 208 Mich 115, 121, as follows:

" 'The general rule is that to constitute actionable fraud it must appear: (1) That defendant made a material representation; (2) that it was false; (3) that when he made it he knew that it was false, or made it recklessly, without any knowledge of its truth and as a positive assertion.' " *Safety Investment Corp.* v. *State Land Office Board,* 308 Mich 246.

There was undisputed testimony that the defendants had no knowledge of any defects in the transmission or other mechanical operation of the automobile. This is not one of those cases where the plaintiff is allowed to recover damages for suppression or concealment of known facts or defects which the seller is bound to disclose. *Sullivan* v. *Ulrich,* 326 Mich 218.

Defendants' motion for a directed verdict should have been granted. Reversed and remanded, without new trial. Costs to appellants.

NORTH, C. J., and DETHMERS, BUTZEL, CARR, BUSHNELL, SHARPE, and REID, JJ., concurred.