69 396
82 336
69 396
86 263
69 396
91 499
69 396
93 301
69 396
97 10
69 396
98 25
69 396
103 233
69 396
134 ³178
69 396
144 ³368
69 396
f153 ³143
69 396
f154 ² 25
154 ³ 26
j154 34
j154 36
69 396
155 103

## HENRY W. HOLCOMB v. BOSTWICK R. NOBLE.

*Fraud—Pleading—Intent of party making representations—Evidence.*

1. It is probably true that, where fraud is *not* alleged, it cannot be proved, but it is not true that in all cases where fraud is alleged it must be proved.

2. In equity an *actual* design to mislead is not necessary if a party is *actually* misled by another in a bargain, and there is no reason for a difference in action in such cases between courts of law and courts of equity.

3. The doctrine is settled in this State that if there was *in fact* a misrepresentation, though made innocently, and its deceptive influence was effective, the consequences to the plaintiff being as serious as though it had proceeded from a *vicious* purpose, he would have a right of action for the damages caused thereby either at law or in equity. *Converse v. Blumrich*, 14 Mich. 109; *Steinbach v. Hill*, 25 Id. 78; *Beebe v. Knapp*, 28 Id. 53; *Webster v. Bailey*, 31 Id. 36; *Starkweather v. Benjamin*, 32 Id. 305; *Baughman v. Gould*, 45 Id. 483.

4. An averment in a declaration, in an action for misrepresentation as to the value of land, that it was represented as of a certain value, is proved by proof that it was said to be of that value for *any* purpose.

5. Where the representations of value of lands are all in one written paper, and closely connected, and it is impossible to show part without showing all, the paper is admissible as a *whole*, and cannot be received in evidence in any other way.

Error to Wayne. (Jennison, J.) Argued October 12, 1887. Decided April 20, 1888.

Case. Defendant brings error. Affirmed. The facts are stated in the opinion.

*Moore & Canfield,* for appellant.

*Edmund Haug* (*Edwin F. Conely,* of counsel), for plaintiff.

CAMPBELL, J. This action is on the case to recover damages for misrepresentation of the value and quality of certain lands. The plaintiff was shown to have been deceived, to his damage, concerning the lands, and there is no real dispute concerning it. The only defense which has any plausibility is that no actual fraud was intended.

The fact that the declaration contains charges of fraudulent and deceitful purposes does not in itself have any bearing on this question, or compel plaintiff to prove it. Such allegations were contained formerly in nearly every action on the case, and are of no more importance in pleading than the allegations of diabolical instigation in an indictment for misdemeanor. The forms of declaration in 2 Chit. Pl. upon torts exemplify this. It is probably true that, where fraud is not alleged, it cannot be proved, but the converse is not true,—that in all cases where fraud is alleged it must be proved.

It is admitted that in equity an actual design to mislead is not necessary if a party is actually misled by another in a bargain. There was abundant evidence in this case to authorize the jury to find that defendant, whether honestly or dishonestly, expected plaintiff to act on his representations of the reliableness of the reports which he produced, and that plaintiff did rely on them. There is no reason for a difference in action in such cases between courts of law and courts of equity. Where an equitable cause of grievance exists, it in no way differs from a legal one unless a different remedy is needed. A court of law cannot cancel a contract, and for such a purpose the equitable remedy must be sought. But where the relief desired is compensation for the wrong, the equitable remedy is much less appropriate, and an action in equity for mere damages will generally be denied, but denied only because the legal remedy is better. If there could be no legal remedy, there can be no doubt that equity would act. If the fraud is such that it creates a right of action any-

where, an action must lie on the case where a money judgment is needed.

Error is also claimed to exist in the reception of testimony showing representations that the land was represented valuable for farming as well as for timber purposes, this claim being rested on a failure to say anything about farming in the declaration. The declaration, in addition to what it says about timber, contains a distinct averment that the land was represented as of a certain value. This certainly would be proved by proof that it was said to be of that value for any purpose. A declaration might be made very prolix if all the talk swelling the value had to be averred. But in this case the allegations of value were all in one written paper, and closely connected, and it was impossible to show part without showing all. That paper, after describing the land, reads as follows:

"I had as good a judge of pine as there is in Michigan examine this land, and a good judge of pine, and he estimates that there is about five million pine on the land,—one-half of which is white pine, and the rest Norway; and he says that this is a very low estimate, and that the pine is of good quality. The white pine is scattering among hard wood, which usually indicates first-class pine. The land is worth, for farming purposes, $5 per acre after pine is off, and this is price of farming land in this locality. The land is close to logging stream which carries logs to Alpena. There are quite a number of good farms in same township. I hold lands at $12.50 per acre, and think there is enough pine on land to pay for it at that price.         Yours,

"B. R. NOBLE."

It is very plain that this paper was admissible as a whole, and could not have been received in any other way, and there could be no pretense of surprise at one part more than another. All of the elements set out in this letter were parts of the value, and it could not have been severed from any of them. It seems to me that there is no reason why any of them should be shut out from the consideration of the jury.

These questions are the only ones in the record calling for consideration. I think the judgment for plaintiff should be affirmed.

CHAMPLIN, J., concurred with CAMPBELL, J.

MORSE, J. I was strongly impressed, upon the argument of this case, with the theory of the defendant, supported by abundant authority outside of our own State, that unless the jury found that the representations relied upon by the plaintiff as false were made by the defendant, Noble, knowing them to be false, or he made the statements as facts within his own knowledge when he was ignorant of the truth or falsity of them, he could not be held liable in this action; that if he told plaintiff that he had never seen the lands, but that he had had the same examined by a competent land-looker, who said that there were five million feet of pine on the land, and made no representations as of his own knowledge, the plaintiff could not recover.

A subsequent careful examination of the case, and the authorities cited by defendant's counsel, has but confirmed me in the correctness and justness of his claim. I am satisfied that the law ought not to make a different contract for the seller than he sees fit to make for himself, and hold him, in effect, for warranties that he never made.

But an equally careful examination of the cases adjudicated in this State satisfies me that the doctrine is settled here, by a long line of cases, that if there was in fact a misrepresentation, though made innocently, and its deceptive influence was effective, the consequences to the plaintiff being as serious as though it had proceeded from a vicious purpose, he would have a right of action for the damages caused thereby either at law or in equity. *Baughman v. Gould,* 45 Mich. 483 (8 N. W. Rep. 73); *Converse v. Blumrich,* 14 Id. 109; *Steinbach v. Hill,* 25 Id. 78; *Webster v. Bailey,* 31 Id. 36; *Starkweather v. Benjamin,* 32 Id. 305; *Beebe v. Knapp,* 28 Id. 53.

I therefore consider the question foreclosed,, and feel reluctantly compelled to concur in the result reached by my Brother CAMPBELL in affirming the judgment in this case.

SHERWOOD, C. J., concurred with MORSE, J.