# JUNE TERM, 1906.

## KRAUSE v. COOK.

|144 | 365|
|f145 | ¹203|
|144 | 365|
|148 | ²395|
|144 | 365|
|153 | ¹143|
|144 | 365|
|d154 ³ | 27|
|j154 | 35|
|f154 | 36|
|144 | 365|
|155 | 103|

1. Fraud—Misrepresentations—Character—Fact or Opinion.
   Representations, made to induce the purchase of mining stock, that the mine was owned by the company issuing the stock, that it comprised 85 acres, that they had pipe lines run, and water power enough to run their mines, that they had mined enough ore to pay the dividends already paid, and that there was dump ore containing enough gold to pay for the working of the plant and keep it running, are more than mere expressions of opinion, and, being false, are actionable.

2. Same—Good Faith—Remedy.
   The rule that one who purchases property in reliance upon false statements regarding it may recover the damages occasioned thereby, whether the representations were made in good or bad faith, is applied in this State as well in actions at law as in equity.

3. Same—Personal Knowledge of Facts.
   If a person receives information from others, and believes it, and repeats it, explaining that he has no personal knowledge, he is not guilty of fraud.

4. Same.
   Where a representation is concerning a condition of affairs not susceptible of exact knowledge, the assertion of knowledge is to be taken as meaning no other than a strong belief founded upon what appears to be reasonable and certain grounds, and in such a case the question is wholly one of good faith.

5. Same—Action—Instructions.
   In an action for fraud in the sale of mining stock, it is improper to instruct that if both parties acted honestly, yet where one of two parties, neither of whom acted dishonestly, must suffer, he shall suffer who by his own act obtained the confidence and caused the injury to the other.

(365)

Error to Livingston; Smith, J. Submitted April 5, 1906. (Docket No. 12.) Decided June 5, 1906.

Assumpsit by Ernest Krause against Fred J. Cook for money·obtained by fraud and deceit. There was judgment for plaintiff, and defendant brings error. Reversed.

*William P. Van Winkle* and *Arthur E. Cole*, for appellant.

*S. S. Abbott* and *Shields & Shields*, for appellee.

HOOKER, J. The defendant was a hardware dealer in Fowlerville, and the plaintiff was his clerk. Previous to his employment of the plaintiff, the defendant, at the solicitation of one Parker, purchased some stock in a western mine, after making a personal examination of the property. It is inferable that an arrangement was made between him and Parker, that defendant should receive a commission of 10 per cent. on all sales of stock in said mine which he should make for Parker. He succeeded in making sales to the plaintiff and several others, and, the investment proving unsatisfactory, the plaintiff brought this action, relying upon alleged fraudulent representations made by the defendant in regard to the mine. No scienter was alleged.

Among the representations relied on are the following, viz. :

(*a*) That the Longfellow mine was owned and controlled by the company issuing the stock, that it comprised 85 acres, and that the purchasers of the stock had a proportionate ownership of that land.

(*b*) That the Longfellow mine was good paying property.

(*c*) That he, the defendant, had picked up ore there and taken it to an assayer, and that it assayed $20 a ton or better.

(*d*) That he had seen ore measured up, enough, he thought, to last and pay dividends for 20 years.

(*e*) That they had pipe lines run, and water power enough to run their mines.

(*f*) That the company had paid dividends.

(*g*) That defendant had got interest on the money that he had invested.

(*h*) That the mine was a good dividend payer.

(*i*) That he said he would guarantee the plaintiff his money back, if it was not just as he represented it.

(*j*) That they had mined enough ore to pay the dividends already paid.

(*k*) That the New Century Mining and Investment Company, which issued this stock, owned the Longfellow mine, and that the company owned the 85 acres mentioned.

(*l*) That there was dump ore containing enough gold to pay for the working of the plant and keep it running.

(*m*) That the stock was worth 50 cents on the dollar.

Evidence was introduced from which the jury might infer that the mine was worthless; that Parker and the promoters falsified to and deceived the defendant; that it did not own the property shown him, or the water rights, and that the mine was, to use his language, a fake, and worthless; that no dividends were ever earned, but, if they could be called dividends, they were deductions allowed from the purchase price, or, if actually paid, were from moneys derived from the sale of stock.

It was claimed by the defendant's counsel that the court erred in refusing to direct a verdict for the defendant:

(1) Because the representations were matters of opinion merely.

(2) Because they were made in good faith.

(3) Because not shown to be false.

1. Many of the alleged representations were clearly statements of fact. Some of them, however, may have been no more than expressions of opinion, such as the value of the stock, and the probable quantity of ore that he saw, and the probable life of the mine.

2. It is the settled rule in this State, whatever the rule may be elsewhere, that one who purchases property in the belief of, and reliance upon, false statements regarding it, may sue for and recover the damages occasioned thereby, whether the representations are made in good or

bad faith. The rule, as applied to equity cases, was announced early and frequently. See *Converse* v. *Blumrich*, 14 Mich. 109; *Beebe* v. *Young*, 14 Mich. 136; *Steinbach* v. *Hill*, 25 Mich. 78; *Webster* v. *Bailey*, 31 Mich. 36; *Busch* v. *Wilcox*, 82 Mich. 336; *Sawyer* v. *Building Ass'n*, 103 Mich. 228.

In *Holcomb* v. *Noble*, 69 Mich. 396, it was held that there was no sound reason why the same rule should not be applied to actions at law, following *Beebe* v. *Knapp*, 28 Mich. 53; *Baughman* v. *Gould*, 45 Mich. 481. The *Holcomb Case* has been followed in several cases. See *Ripley* v. *Case*, 86 Mich. 263; *Totten* v. *Burhans*, 91 Mich. 499.

In *Angell* v. *Loomis*, 97 Mich. 5, the rule was applied in an action against an agent.

3. There was abundant evidence of the inaccuracy of the representations in the statements of Cook himself. It follows that the court did not err in refusing to direct a verdict for defendant. The defendant disputed the testimony offered in support of the action, and it is claimed on his behalf that he made no unqualified representations regarding the mine, but informed the defendant as to his sources of information, and the reasons for his belief, and that under such circumstances the defendant should not be chargeable with fraud. Upon this subject there is a decided conflict in testimony, that of the plaintiff indicating that the statements relied upon were positive in their character, implying personal knowledge, and justifying reliance upon them as such. It was necessary, therefore, to leave the question to the jury. Counsel for the defendant maintain that the learned circuit judge erred in his discussion of the question of deceit, wherein he read from a text-book upon that subject, for the reason that the absence of deceit was conceded. If this was conceded upon the trial, it is unfortunate that counsel have not pointed us to the part of the record showing it. The court does not indicate such understanding, and defendant's third request to charge contains three subdivisions,

under each of which it says a plaintiff may have redress for fraud: (1) When there is deceit. (2) When statements are recklessly made. (3) Where believed to be true without reason for the belief. The request went on to state:

"It is conceded that the defendant supposed all the representations made to be true, and therefore plaintiff cannot recover unless you find * * * that he had no reason for such belief," etc.

The court incorporated the first portion of this request in his charge, but refused to give the part quoted. Had he understood such a concession to have been made he probably would have said so, and in that case much that he said would have been inapplicable, if not misleading. If it was not conceded, it was proper to leave the question of deceit to the jury, and to instruct them, as he did, that the methods of deceit are various, for while there is, in our opinion, little in the case indicating an intention to deceive, we cannot say that such an inference from the proof is necessarily excluded. That the judge understood this question was in the case is indicated, also, by his instruction relating to fraudulent expression of opinions.

Error is assigned upon the refusal to give a large number of requests in relation to the subject of statements of opinion. As opinions may be fraudulently expressed, the unqualified requests were properly refused. The charge contained general instruction upon the subject of the expression of opinions, which were, in the main, correct. We are of the opinion, however, that the refusal to give the following requests was error:

"If a person received information from others and believes it, repeats it, explaining that he has no personal knowledge, he is not guilty of fraud. Therefore, if you find that the defendant received information from others and repeated that information to plaintiff, and explained to plaintiff the sources of his information, he is not guilty of any fraud, if he acted honestly and in good faith.

"Where the representation is concerning a condition of

affairs not susceptible of exact knowledge, the assertion of knowledge is to be taken as meaning no other than a strong belief founded upon what appears to the defendant to be reasonable and certain grounds. In such a case the question is wholly one of good faith."

Also that the following instruction should have been omitted:

"I further charge you that even if you find from the evidence that both Mr. Cook and Mr. Krause acted honestly, yet the law of this State is that where one of the two parties, neither of whom acted dishonestly, must suffer, he shall suffer who by his own act had obtained the confidence and caused the injury to the other."

There is danger that a jury may misapply so broad a proposition in a case of this kind.

The judgment is reversed, and a new trial ordered.

GRANT, BLAIR, MONTGOMERY, and OSTRANDER, JJ., concurred.