A & A ASPHALT PAVING COMPANY *v.* PONTIAC
SPEEDWAY, INC.

1. Trial—Common Counts—Fraud—Burden of Proof—Pleading
—Evidence.

The burden of proof is on the plaintiff in an action against cor-
poration and its directors based on the common counts in as-
sumpsit and because of fraud for alleged misrepresentation
and secretion of corporate assets, the mere making of allega-
tions in a declaration that are denied requiring plaintiff to
produce testimony to support them.

2. Fraud—Elements.

To constitute actionable fraud it must appear that defendant
made a material representation that was false, knowingly or
recklessly without any knowledge of its truth and as a positive
assertion, with the intention that it be acted upon by plaintiff,
and that plaintiff did rely thereupon to his injury.

3. Same—Corporation Directors—Contracts—Evidence.

Conclusion of trial court that plaintiff paving contractor had not
proved actionable fraud by directors of corporation, one of
whom negotiated contract prepared by plaintiff wherein corpo-
ration was indicated as owner, although fee title was then in
the 2 directors *held,* correct where there is no proof that de-
fendants made a material misrepresentation to plaintiff or that
plaintiff acted in reliance upon any such representation.

4. Trial—Pretrial Statement.

Pretrial statement of which neither party was given a written
transcript until well after the trial was completed was a nullity
(Court Rule No 35, § 4 [1945]).

---

References for Points in Headnotes

[1] 24 Am Jur, Fraud and Deceit § 255.
[2. 3] 23 Am Jur, Fraud and Deceit §§ 20–22.
[4] 53 Am Jur, Trial § 11.
[5] 34 Am Jur, Limitation of Actions § 260 *et seq.*
[6] 13 Am Jur, Corporations §§ 1021, 1022.

5. PLEADING—AMENDMENT—DISCRETION OF COURT—STATUTE OF LIMITATIONS.

It is not within the discretion of a trial court to permit an amendment which states a cause of action barred by the statute of limitations (CL 1948, § 450.90).

6. CORPORATIONS—DIRECTORS—FILING OF REPORTS—LIMITATION OF ACTIONS.

Attempted notice to defendant corporate director by way of raising issue in brief submitted subsequent to trial more than 2 years following such director's neglect to file corporate reports came too late, as the statutory limitation had expired and plaintiff's cause of action based on such neglect was barred (CL 1948, §§ 450.87, 450.90).

Appeal from Oakland; Ziem (Frederick C.), J. Submitted April 12, 1961. (Docket No. 61, Calendar No. 49,140.) Decided September 21, 1961.

Attachment by A & A Asphalt Paving Company, a Michigan corporation, against Pontiac Speedway, Inc., a Michigan corporation, William Buettner, and John F. Engelhardt, on counts of assumpsit and case, for sums due on paving contract. Default judgment entered against corporate defendant. Action dismissed and judgment of no cause of action entered as to individual defendants. Plaintiff appeals. Affirmed.

*Robert W. Hodge,* for plaintiff.

*James G. Hartrick* (*Robert L. Templin,* of counsel), for individual defendants.

KAVANAGH, J. Plaintiff commenced an action by attachment against certain land. In its declaration plaintiff declared on 3 counts: First, upon a written contract; second, upon the common counts in assumpsit; and third, in tort for misrepresentation and secretion of corporate assets. Defendants were

Pontiac Speedway, Inc., a Michigan corporation, and 2 individuals—William Buettner and John F. Engelhardt, directors of defendant corporation. Buettner was also an officer. Defendants Buettner and Engelhardt answered denying the allegations in the declaration. They admitted fee ownership of the land, but alleged it was acquired subject to a land contract interest. The corporation defaulted.

At pretrial proceedings plaintiff waived the contract count. Trial proceeded under the common counts in assumpsit and the tort count. The court gave judgment against the corporation, by default, and in favor of the defendant directors. Motion for new trial was denied, and plaintiff took a general appeal.

On June 10, 1957, plaintiff entered into a contract to pave a race track located on the land involved. This contract was between the plaintiff as contractor and defendant corporation. The contract form, prepared by plaintiff, indicated the defendant corporation as "owner." The contract called for a total price of $18,066.50, and the terms were specified in the contract—$4,000 on completion of the work and the balance in 4 payments to be secured by promissory notes. Defendant Buettner signed this contract as secretary-treasurer of defendant corporation.

Plaintiff performed the work, and, when the defendant corporation was unable to pay, filed this action on July 22, 1958.

Defendant corporation acquired title to the land involved in 1952. On December 8, 1955, the land was acquired by one Reithmeier at a sheriff's sale on foreclosure by advertisement, the deed being given by the Oakland county sheriff, to become operative in 1 year if no redemption was made. Four days after the sheriff's deed became operative, on December 12, 1956, defendants Buettner and Engelhardt acquired the land by warranty deed from

Reithmeier.   This deed was recorded December 21, 1956.

At the trial plaintiff swore only 2 witnesses.   One was Daniel T. Murphy, Jr., clerk—register of deeds of Oakland county.   The deed from Reithmeier to Buettner and Engelhardt was admitted in evidence without objection.   Plaintiff then offered the deed dated December 8, 1952, by which Pontiac Speedway, Inc., originally acquired the land in question.   Defendants objected to its admission in evidence.   The court permitted it to be received, commenting: "The court fails to see the materiality of it, but it will allow it."   The sheriff's deed to Reithmeier was also received over defendants' objection.   The annual report of Pontiac Speedway, Inc., called the 1956 report, was identified and admitted in evidence.   The 1957 annual report was received in evidence.   This report was due May 15, 1957; however, it was not filed with the corporation and securities commission until October 9, 1957.   It was during this period of default that the contract in question was signed and carried out.   Mr. Murphy testified that no further annual reports had been filed.

The other witness for plaintiff corporation, its comptroller, Edwin P. Dowd, testified as to the amount owing under the contract.   He stated that Buettner negotiated and signed the contract in the office of A & A Asphalt Paving Company after the contract was prepared for signatures by plaintiff corporation.   A letter from Buettner, dated February 15, 1958, on Pontiac Speedway's stationery, addressed to plaintiff, was admitted in evidence.   It was signed by Buettner.   The letter in substance said, "We have had a bad year.   We cannot pay now."

Mr. Dowd was asked on cross examination whether or not he had ever in his life talked with defendant Engelhardt.   He testified he had not and would not

know him if he were in the courtroom. He stated he had talked with Buettner and that he had not known of the sheriff's deed or the deed to Buettner and Engelhardt. Mr. Dowd also testified that no one at the meeting informed him (Dowd) or the representatives of plaintiff corporation in his presence the property was not owned by Pontiac Speedway. He further testified no mention was made at that time that the property was owned by Buettner and Engelhardt.

At the conclusion of plaintiff's proofs, defendants' attorney moved to strike all of the exhibits except the deed to Engelhardt and Buettner. He then moved to dismiss count 2, there being no testimony that the individual defendants made requests of plaintiff to furnish materials, labor, et cetera, as alleged in that count. Defendant's attorney also moved to dismiss the third count on the ground the only charge of fraud was that title was secreted in the defendants, no testimony having been introduced that any statement was made by the individual defendants which induced plaintiff to enter into the contract. It is admitted by plaintiff that it did not rely upon the representations in the annual reports when entering into the contract and that it did not know what was in the annual reports until some 2 years after the contract was entered into.

Defendants introduced no testimony.

The burden of proof in this case, as always, is on the plaintiff. The mere making of allegations in a declaration which are denied requires plaintiff to produce testimony to support them.

Justice Carr, in *Marshall* v. *Ullman,* 335 Mich 66, 73, 74, writing for the Court, said:

"This Court has recognized that to establish a cause of action based on fraud certain facts are essential. In *Candler* v. *Heigho,* 208 Mich 115, 121,

the following statement was quoted with approval from 20 Cyc, p 13:

" ' "The general rule is that to constitute actionable fraud it must appear: (1) That defendant made a material representation; (2) that it was false; (3) that when he made it he knew that it was false, or made it recklessly, without any knowledge of its truth and as a positive assertion; (4) that he made it with the intention that it should be acted upon by plaintiff; (5) that plaintiff acted in reliance upon it; and (6) that he thereby suffered injury. Each of these facts must be proved with a reasonable degree of certainty, and all of them must be found to exist; the absence of any one of them is fatal to a recovery." '

"And it was further said:

" 'That these several elements of such a charge must be established has long been the rule in this State. *Parker* v. *Armstrong,* 55 Mich 176; *Frohlich* v. *Deacon,* 181 Mich 255 (Ann Cas 1916C, 722); *Kimble* v. *Gillard,* 177 Mich 250, 256. In the latter case the Court said:

" ' "It is a well-settled rule, familiar and fundamental, that, in order to make misrepresentation actionable, there must be a reliance upon the representation." ' "

The allegations in the declaration on which appellant claims it was entitled to judgment constitute a mere conclusion that defendants were guilty of fraud. The supporting factual testimony relied on in support of such conclusion is insufficient to establish a cause of action. There is no proof that defendants made a material misrepresentation to plaintiff at any time. There is no proof that plaintiff acted in reliance upon any such representation. The trial court correctly concluded that no actionable fraud had been proven.

Plaintiff raises the question whether CL 1948, §

450.87 (Stat Ann § 21.87),* should be applied to the defendant Buettner.

In disposing of this question the trial court in his opinion stated as follows:

"This statute was not properly pleaded by the plaintiff and was not raised by the plaintiff at the pretrial conference or at the trial. This statute was raised by the plaintiff for the first time in his brief filed subsequent to the trial. This statute has no application to the defendant Engelhardt." (Engelhardt was not an *officer* of the defendant corporation.)

The court said later in its opinion:

"1. Michigan Court Rule No 35, § 4 (1945),† dealing with pretrial conference, provides in part as follows:

" 'The summary of results controls the subsequent course of the action undess modified *at or before trial* to prevent manifest injustice.' (Emphasis added.)

"2. 'The pretrial statement, or summary of results of the pretrial conference, controls the triable issues, in the absence of modification *at or before the*

---

* CL 1948, § 450.87 (Stat Ann § 21.87), provides as follows:

"Sec. 87. (1) If any corporation neglects or refuses to make and file the reports and/or pay any fees required by this act within the time herein specified, and shall continue in default for 10 days thereafter, unless the secretary of State shall for good cause shown extend the time for the filing of such report or the payment of such fee, as the case may be, as provided in section 91 of this act, and (2) if such corporation shall continue in default for 10 days after the expiration of such extension, its corporate powers shall be suspended thereafter, until it shall file such report, and it shall not maintain any action or suit in any court of this State upon any contract entered into during the time of such default; but nothing herein contained shall prevent the enforcement of such contract against the corporation by the other party thereto, and during the period of such suspension such corporation may exercise the power of disposing of and conveying its property and may settle and close its business. Any officer or officers of such corporation so in default who has neglected or refused to join in making of such report and/or pay such fee shall be liable for all debts of such corporation contracted during the period of such neglect or refusal."

† As amended. See 352 Mich xv.—REPORTER.

*trial* in order to prevent manifest injustice.' (*Willingham* v. *City of Dearborn,* 359 Mich 7, syllabus.)"

An examination of the record in this case discloses that the pretrial conference was held on April 21, 1960, and was followed by trial the same day. The court requested of each of the attorneys waiver of the filing of the transcript of the results of the pretrial conference prior to starting the trial. The record of the pretrial was not transcribed and filed until June 29, 1960.

This Court held in *Willingham* v. *City of Dearborn,* 359 Mich 7, 9, 10:

"The pretrial statement (now termed 'a summary of the results of the pretrial conference'), not having been 'modified at or before the trial to prevent manifest injustice,' controlled and limited the triable issues."

No opportunity in this case was given either party to modify the pretrial statement since neither party had a written pretrial statement until well after the trial was completed. To so conduct a pretrial subverts its purpose, destroys its effectiveness, and constitutes a nullity. We would normally consider reversal for this failure to make available the transcript and the opportunity to both parties to review the transcript of the pretrial before trial. However, we believe that CL 1948, § 450.90 (Stat Ann § 21.90),* is applicable to the facts with reference to defendant Buettner, and the statute of limitations having run "it is not within the discretion of a trial court to permit an amendment which states a cause of action barred by the statute of limitations." *Bockoff* v. *Curtis,* 241 Mich 553, 558.

---

*CL 1948, § 450.90 (Stat Ann § 21.90), reads in part as follows:
"All actions and suits based on the neglect or refusal of the officers of such corporation to make and file the reports required by this act shall be commenced within 2 years after such neglect or refusal has occurred and not afterwards."

Since the 1957 annual report was due May 15, 1957, but was not filed by that date and the corporation was thereby in default by failure to so file, the statute would apply to defendant Buettner for a period of 2 years subsequent to May 15, 1957. Plaintiff's attempted notice to defendant Buettner by raising this issue in its brief submitted subsequent to trial came too late since the statutory limitation under CL 1948, § 450.90 (Stat Ann § 21.90), had expired and plaintiff's cause of action, based upon CL 1948, § 450.87 (Stat Ann § 21.87), was barred.

The other questions raised by appellant do not need discussion.

The action of the trial judge in dismissing plaintiff's cause of action as to defendants Buettner and Engelhardt is affirmed. Defendants shall have costs.

KELLY, SMITH, BLACK, EDWARDS, and SOURIS, JJ., concurred with KAVANAGH, J.

DETHMERS, C. J., and CARR, J., concurred in result.