IRWIN v. CARLTON.

1. FRAUD—INSTRUCTIONS—SALE OF HOGS—MISREPRESENTATION AS TO HEALTH—ATROPHIC RHINITIS.

Instruction, given by trial judge in action for fraud and deceit against seller of hogs at auction sale because of misrepresentation the hogs were healthy whereas they were afflicted with atrophic rhinitis which spread to other hogs owned by plaintiff and necessitated the sale of entire herd for slaughter, that jury would have to find plaintiff had sustained his burden of showing that defendant made the misrepresentation knowing it was false at the time it was made or that he made it recklessly without any knowledge of its truth and as a positive assertion that it was so *held*, reversible error, the plaintiff being entitled to have the jury instructed, as requested, that defendant might be found guilty of actionable misrepresentation even though the representation was made in good faith believing it to be true.

2. SAME—INSTRUCTIONS—BREACH OF WARRANTY.

It was error for trial judge in his instruction to jury to include a charge relating to breach of warranty where the action was in tort for fraud in misrepresenting hogs as healthy when they were afflicted with atrophic rhinitis, a contagious disease that spread to other hogs which plaintiff owned and necessitated sale of entire herd for slaughter, there being no occasion for an instruction on breach of warranty under the circumstances of the pleadings and proofs.

Appeal from Calhoun; Coleman (Creighton R.), J. Submitted December 7, 1962. (Calendar No. 113, Docket No. 49,225.) Decided February 6, 1963.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 24 Am Jur, Fraud and Deceit § 299.

Case by Roland Irwin against Lawrence F. Carlton for damages sustained because of misrepresentations inducing purchase of diseased farm animals. Verdict and judgment for defendant. Plaintiff appeals. Reversed and remanded for new trial.

*James R. Golden,* for plaintiff.

*Schroeder, Schroeder & DeGraw (Ronald J. De-Graw,* of counsel), for defendant.

SOURIS, J.   Plaintiff purchased 40 hogs and some farm machinery at an auction sale of defendant's farm stock and equipment. About a month later atrophic rhinitis was discovered in some of the hogs purchased. Atrophic rhinitis is a highly infectious and communicable disease affecting the turbinate bones in the nasal passages. Following his discovery of this disease, which spread to other hogs owned by plaintiff, plaintiff sold his entire herd for slaughter. He then started this action in tort for fraud and deceit to recover his damages, claiming that defendant had misrepresented that the hogs purchased were healthy. Plaintiff lost the jury verdict and appeals therefrom on the ground that the trial judge's charge to the jury was prejudicially erroneous.

In his charge Judge Coleman instructed the jury that in order to award plaintiff damages for defendant's alleged misrepresentation, the jury would have to find that the defendant made the misrepresentation knowing it was false at the time it was made or that he made it recklessly without any knowledge of its truth and as a positive assertion that it was so. The defendant, in support of the judge's charge, cites *Columbus Pipe & Equipment Co.* v. *Sefansky,*

352 Mich 539, and *Graham* v. *Meyers,* 333 Mich 111,[1] in both of which this Court referred to *Candler* v. *Heigho,* 208 Mich 115, in which this Court (p 121) quoted the following from 20 Cyc at p 13:

" 'The general rule is that to constitute actionable fraud it must appear: (1) That defendant made a material representation; (2) that it was false; (3) *that when he made it he knew that it was false, or made it recklessly, without any knowledge of its truth and as a positive assertion;* (4) that he made it with the intention that it should be acted upon by plaintiff; (5) that plaintiff acted in reliance upon it; and (6) that he thereby suffered injury. Each of these facts must be proved with a reasonable degree of certainty, and all of them must be found to exist; the absence of any 1 of them is fatal to a recovery.' " (Emphasis added.)

Almost 100 years ago Mr. Justice COOLEY, in *Converse* v. *Blumrich,* 14 Mich 109 (90 Am Dec 230), at p 123, set the course for Michigan courts on this subject when he said:

"We have carefully in the course of our opinion abstained from speaking of the acts of complainant as intentionally dishonest, and from characterizing them with harshness. We have been obliged to say of his statements that they were untrue, and made on his part with knowledge that they were so. But we will not undertake to say that he did not convince himself by some process of reasoning that they were correct. The legal aspect of the case would not be different if we came to that conclusion, since the

---

[1] In addition, the defendant cites *People's Furniture & Appliance Co.* v. *Healey,* 365 Mich 522. In that case, however, plaintiff sued a real-estate agent, not the seller, for return of a deposit on the purchase price of land plaintiff agreed to buy in reliance upon the defendant agent's misrepresentation. We found that plaintiff was justified in refusing to complete the purchase, upon discovery of the misrepresentation, and that he was entitled to return of the deposit which otherwise would inure to the benefit of the defendant responsible for the misrepresentation. The case does not bear upon the problem with which we are concerned here.

courts must look at the effect of untrue statements upon the person to whom they are made, rather than to the corrupt motive of the one making them. If one obtains the property of another, by means of untrue statements, though in ignorance of their falsity, he must be held responsible as for a legal fraud: _Ainslie_ v. _Medlycott,_ 9 Ves Jr 13 (32 Eng Rep 504); _Taylor_ v. _Ashton,_ 11 M & W 401 (152 Eng Rep 860); _Smith_ v. _Richards,_ 13 Pet (33 US) 26; _Lockridge_ v. _Foster,_ 4 Scam (5 Ill) 569; _Smith_ v. _Babcock_ (US D Mass), 2 Wood & M 246; _Tuthill_ v. _Babcock_ (US D Mass), 2 Wood & M 298."

The rule pronounced in _Converse_ v. _Blumrich_ was followed in _Steinbach_ v. _Hill,_ 25 Mich 78; _Beebe_ v. _Knapp,_ 28 Mich 53; _Webster_ v. _Bailey,_ 31 Mich 36; _Starkweather_ v. _Benjamin,_ 32 Mich 305; and _Baughman_ v. _Gould,_ 45 Mich 481. Then, in 1888, separate opinions were written in _Holcomb_ v. _Noble,_ 69 Mich 396, by Mr. Justice CAMPBELL and Mr. Justice MORSE, both of whom concluded that in Michigan the rule was that a misrepresentation, even though made innocently, if relied upon, supports an action either in equity or at law if damage results, Justice MORSE citing _Converse_ and subsequent cases. See, also, _Busch_ v. _Wilcox,_ 82 Mich 315, rehearing denied, 82 Mich 336 (21 Am St Rep 563). These last 2 cases, _Holcomb_ v. _Noble_ and _Busch_ v. _Wilcox,_ were reexamined in _Aldrich_ v. _Scribner,_ 154 Mich 23 (18 LRA NS 379), and compared with _Krause_ v. _Cook,_ 144 Mich 365.

In _Aldrich_ v. _Scribner,_ the Court distinguished _Krause_ from _Holcomb_ and _Busch_ in a manner which may be described as creating an exception to the Michigan rule in cases where suit is brought against one not a party to the contract claimed to have been fraudulently induced. _Krause_ v. _Cook_ was a case in assumpsit for money obtained by fraud and deceit brought by the purchaser of mining stock

against the seller's *agent,* who misrepresented the condition of the mine, and this Court reversed a judgment for the plaintiff. Our majority in *Aldrich* explained the result in *Krause* on the ground that the defendant agent profited only to the extent of 10% of the loss sustained by the plaintiff,[2] thereby minimizing the considerations which induced the Court, in *Holcomb,* in *Busch,* and in other cases in which suit was brought against a contracting party who was the beneficiary of the fraud, to allow recovery even in the absence of proof of scienter. When a contracting party is sued, the Court said in *Aldrich,* at p 31, "the defendant, in consideration of what he did receive, understood that he should make good any loss caused plaintiff by relying upon the false representation." One commentator has suggested that in the *Aldrich Case* "the rationale of unjust enrichment has been used to justify the result." Keeton, Conditional Fault in the Law of Torts, 72 Harvard L Rev 401, 432.

Decision in *Columbus Pipe & Equipment Co.* v. *Sefansky, supra,* and *Graham* v. *Meyers, supra,* relied upon by defendant, did not turn upon defendants' knowledge of the falsity of the alleged misrepresentations and, therefore, the Court did not reexamine the rule of *Converse* v. *Blumrich* which has been followed in this State whenever such cases present the issue of scienter. The 2 cases relied upon by the defendant were decided on appeal against the plaintiffs because, in *Columbus Pipe, supra,* the proofs failed to disclose reliance was placed upon the representations claimed to be false

---

[2] At p 29, the Court said: "If there were any rule of law by which we could hold a wrongdoer responsible for 10% of the damages, and relieve him of responsibility for 90% of the damages, it might have been just to have applied the principle of the *Holcomb* and *Busch Cases* to the *Krause Case.* But there is no such rule, and therefore we held, and were bound to hold, that the principle was inapplicable."

and because, in *Graham, supra,* there was no claim or proof that defendants made any representations regarding the defect subsequently discovered by the purchaser. Unfortunately, without acknowledging the limited applicability in Michigan of the general rule stated in 20 Cyc, quoted above, our opinions in both cases made reference generally to its requirement of proof of knowledge. Other cases, not cited by counsel, have likewise referred without qualification, to the same quotation from 20 Cyc or upon prior cases which have done so. See, for example, *Smith* v. *Taber,* 362 Mich 619, *A & A Asphalt Paving Co.* v. *Pontiac Speedway, Inc.,* 363 Mich 634, *Wheeler* v. *Martin,* 364 Mich 41. But none of these cases required the Court to consider proof of scienter, or the lack thereof. The decisions turned upon absence of proof of misrepresentation. We have found no case in Michigan contrary to the rule of *Converse* v. *Blumrich,* when determination of the issue of scienter was necessary to decision. As late as last year, in *Kroninger* v. *Anast,* 367 Mich 478, this Court reaffirmed its adherence to the *Converse* rule.

In the case at bar, plaintiff was entitled to have the jury instructed, as he requested the trial judge to do, that defendant might be found guilty of actionable misrepresentation even though the representation was made in good faith believing it to be true. It was error to charge the jury, to the contrary, that plaintiff had the burden of proving that defendant made the representation knowing that it was false or that he made it recklessly without any knowledge of its truth and as a positive assertion that it was so. This error requires our reversal and remand for new trial.

Plaintiff also claims error in the trial judge's inclusion in his charge of an instruction relating to breach of warranty. In this the plaintiff is also correct and, since the case will have to be retried

upon remand, it should be noted that the plaintiff sued in tort for deceit, and not in assumpsit for breach of warranty. There was no occasion, under the circumstances of the pleadings and the proofs, for the challenged instruction on breach of warranty. We do not regard other claims made by the plaintiff meritorious or necessary to be discussed. Reversed and remanded for new trial. Costs to plaintiff.

Carr, C. J., and Dethmers, Kelly, Black, Kavanagh, and Otis M. Smith, JJ., concurred.

O'Hara, J., took no part in the decision of this case.