## HAMMOND v MATTHES

Docket No. 50716. Submitted May 8, 1981, at Grand Rapids.—Decided
    September 10, 1981. Leave to appeal applied for.

Leo Hammond was injured when liquid petroleum gas (LPG)
    exploded in the basement of the house that he and his wife,
    Mildred, had purchased from Ethel Pruitt. The Hammonds
    brought an action for damages in Kalamazoo Circuit Court.
    Plaintiffs alleged that the accident resulted from the fact that
    the gas line from two 100-pound LPG storage tanks had been
    severed when, prior to their purchase of the house, a new
    furnace and hot water heater were installed along with a new
    500-pound LPG storage tank. After purchase of the house,
    Hammond ordered more LPG, and the company supplying the
    LPG replaced the 100-pound tanks with full tanks. When the
    valve was turned on, the basement of the house filled with gas
    and exploded. Named as defendants were: Ethel Pruitt, the
    seller of the house; Koshar Real Estate Agency and Anthony
    Koshar and Teri Koshar and United Farm Agency and Beverly
    Matthes, the real estate agencies and their salespersons who
    represented Mrs. Pruitt during the sale of the house to plain-
    tiffs; Thermogas Corporation and Thermogas Company of Kala-
    mazoo, owners of the 500-pound tank; Ralph Green, doing
    business as Green's Dri-Gas, installer of the 500-pound tank;
    William J. Baines and LeRoy Wright, doing business as Stan-
    dard Sheet Metal Company, installers of the furnace and hot
    water heater; and Wanks Homes Furnishings, Inc., supplier of
    the filled 100-pound tanks of LPG. As to defendant real estate
    agencies and their employees, plaintiffs alleged that they were
    acting as agents or brokers on behalf of Mrs. Pruitt, that they
    negligently or carelessly failed to warn plaintiffs of the hidden,
    defective and dangerous condition, that they defrauded and
    deceived plaintiffs by their failure to disclose to plaintiffs the

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 61A Am Jur 2d, Pleading § 231.
    73 Am Jur 2d, Summary Judgment § 26 et seq.
[2] 73 Am Jur 2d, Summary Judgment § 6.
[3, 4] 7 Am Jur 2d, Fraud and Deceit §§ 12, 188, 201-205.

existence of the hidden, defective and dangerous condition, and that they breached an implied warranty of habitability, fitness and merchantability with respect to the manner in which the premises were sold. Defendants real estate agencies and their salespersons moved for summary judgment on the basis that the plaintiffs had failed to state a claim upon which relief could be granted and that no genuine issue of fact existed. Patrick H. McCauley, J., granted the motion for summary judgment. Plaintiffs appeal. *Held:*

1. The portion of plaintiffs' complaint which alleged failure to disclose the defect failed to state a cause of action because it alleges neither knowledge on the part of defendants real estate agencies and salespersons of the hidden defect nor a duty by such agencies or salespersons to inspect for hidden defects. Obviously, there can be no duty to disclose that which is not known. Further, that portion of the complaint alleges only nondisclosure rather than misrepresentation which is necessary for a viable action.

2. While plaintiffs' complaint failed to allege with sufficient specificity fraudulent misrepresentation, the fact that the parties argued below the merits of that claim and the trial court ruled upon that theory is sufficient to preserve that matter for appeal. Fraudulent misrepresentation may be shown by not only proof that a statement was made by a person knowing the statement to be false but may also be shown by proof that the false statement was made recklessly without knowledge of its truth and as a positive assertion, the law recognizing false statements which are made recklessly as being the legal equivalent of those which are intentionally false.

3. The trial court erred in holding that the statement by Anthony Koshar that everything in the basement was brand new and was working fine and that plaintiffs had nothing to worry about was mere puffing. There exists a question for the finder of fact as to whether his statement was recklessly false.

4. Since the allegation based on breach of warranty was neither pursued below nor raised on appeal, it is deemed to have been abandoned.

5. Summary judgment was properly granted in favor of Beverly Matthes, Teri Koshar and United Farm Agency; however, summary judgment in favor of Anthony Koshar and Koshar Real Estate Company was error under these circumstances.

Affirmed in part, reversed in part and remanded.

1. MOTIONS AND ORDERS — SUMMARY JUDGMENT — FAILURE TO STATE
    CLAIM — PLEADINGS — COURT RULES.

    A motion for summary judgment on the basis of the failure to
    state a cause of action tests the legal sufficiency of the claim
    and is tested by looking at the pleadings alone (GCR 1963,
    117.2[1]).

2. MOTIONS AND ORDERS — SUMMARY JUDGMENT — FRAUDULENT
    NONDISCLOSURE — PLEADINGS.

    Summary judgment on the basis of a failure to state a cause of
    action on a claim alleging negligent or fraudulent nondisclo-
    sure of a defect is properly granted where the pleadings aver
    neither knowledge of the defect nor a duty to inspect for
    hidden defects.

3. ACTIONS — MISREPRESENTATION — FRAUD — PROOFS.

    Actionable misrepresentation of a principal is established by
    proof of a loss resulting from reliance upon the untrue state-
    ment made by the principal even if the principal is ignorant of
    the falsity of the statement; however, actionable fraud by an
    agent requires the further showing that the representation was
    made knowing it to be false or recklessly without knowledge of
    its truth and as a positive assertion.

4. FRAUD — FALSE STATEMENTS — INTENTIONAL FRAUD.

    False statements which are recklessly made are the legal equiva-
    lent of statements which are intentionally false.

*Eugene Field, P.C.,* for plaintiffs.

*Cholette, Perkins & Buchanan* (by *Edward D.
Wells),* for defendants Koshar, Matthes, Koshar
Real Estate Company, and United Farm Agency.

Before: MACKENZIE, P.J., and R. B. BURNS and
J. N. O'BRIEN,* JJ.

J. N. O'BRIEN, J. This is an appeal from the trial
court's grant of the motion for summary judgment
brought by certain defendants.

In early June, 1973, plaintiffs, Leo and Mildred
Hammond, purchased a home located in South

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Haven, Michigan, from defendant Ethel Pruitt. For some time prior to 1970, it appears that liquid petroleum gas was supplied to the home owned by Mrs. Pruitt from two 100-pound tanks located next to the house. In 1970, a gas furnace, water heater and cooking stove were installed and a 500-pound tank was placed in the yard in order to provide fuel for the new appliances. Plaintiffs' complaint alleged, *inter alia,* that, at the time of installation of these appliances and the 500-pound tank, the former gas line which ran from the two 100-pound tanks into the house was negligently severed inside the basement wall and left uncapped.

In late June, 1973, approximately three weeks after the plaintiffs had moved into the house, the appliances stopped working. Plaintiffs ordered additional fuel from Wanks Home Furnishings, another defendant in this action. A Wanks employee went to the Hammond residence on June 22, 1973, where he saw the large tank in the yard and two small tanks next to the house. He replaced the two small tanks with two full ones and left the gas regulator turned off.

The appliances in the Hammond home worked well until July 13, 1973, when the appliances again failed. After investigating the problem, Leo Hammond discovered that the regulator on the two tanks which had been delivered by Wanks was closed. Hammond, apparently believing that they were connected to the appliances, opened the valve and went into the basement to relight the water heater. The liquid petroleum gas which had escaped into the basement through the severed and uncapped fuel line exploded, severely burning Mr. Hammond.

Plaintiffs sued the seller of the house (Mrs. Pruitt), two real estate agencies and salespersons

who represented the seller (Koshar Real Estate
Company, Anthony Koshar, Teri Koshar, United
Farm Agency and Beverly Matthes), the supplier
of the 500-pound tank (Thermogas Corporation
and Thermogas Company of Kalamazoo), the in-
staller of the 500-pound tank (Ralph Green, doing
business as Green's Dri-Gas), the supplier of the
two full 100-pound tanks (Wanks Home Furnish-
ings), and several parties involved with the instal-
lation of the furnace and water heater.

As to the real estate companies and their
agents, plaintiffs' complaint alleged that they neg-
ligently and fraudulently failed to disclose the
hidden and dangerous defect in the house and that
they breached implied warranties of fitness and
habitability. Specifically, paragraphs 20 and 21 of
plaintiffs' complaint provide:

"20. Defendants Beverly Matthes, Anthony J. Koshar,
Teri Koshar, Koshar Real Estate Company and United
Farm Agency, individually or together acted as agents
or brokers on behalf of defendant Ethel Pruitt in the
sale of said premises.

"21. Said defendants, alone or together:

"a) Negligently and carelessly failed to warn plain-
tiffs of the hidden, defective and dangerous condition
heretofore described.

"b) Defrauded and deceived plaintiffs by their failure
to disclose to plaintiffs the existence of said hidden,
defective and dangerous condition.

"c) Breached an implied warranty of habitability,
fitness, and merchantability with respect to the manner
in which said premises were sold."

The defendants real estate companies and their
agents moved for summary judgment on the basis
that plaintiffs had failed to state a claim upon
which relief could be granted and that no genuine
issue as to any material fact existed. GCR 1963,

117.2(1), 117.2(3). The trial court granted defendants' motion, thereafter denying plaintiffs' motion for a rehearing.

Because we believe that plaintiffs' three distinct claims against these defendants deserve separate analyses, we discuss the trial court's grant of summary judgment as to each claim individually.

The trial judge granted summary judgment as to plaintiffs' claim of negligent or fraudulent nondisclosure on the basis that plaintiffs' complaint failed to state a cause of action. GCR 1963, 117.2(1). We look to the pleadings alone in testing their legal sufficiency. *Crowther v Ross Chemical & Manufacturing Co,* 42 Mich App 426, 429; 202 NW2d 577 (1972). Treating the well-pled allegations of plaintiffs as true, we concur with the trial court because plaintiffs' claim, on the pleadings alone, is unenforceable as a matter of law and no factual development can possibly justify a right to recovery. *Crowther, supra,* 430. Obviously, there is no duty to disclose what is not known; and, because plaintiffs' complaint does not aver knowledge of the defect in the gas line or allege a duty to inspect for hidden defects, plaintiffs' complaint must fail.

We recognize that fraudulent misrepresentation is a valid theory in Michigan law. The state of the law of misrepresentation is best set forth in *Irwin v Carlton,* 369 Mich 92, 96-97; 119 NW2d 617 (1963). The Court traced the law of misrepresentation back to Mr. Justice COOLEY's opinion in *Converse v Blumrich,* 14 Mich 108, 123 (1866), stating:

"Decision in *Columbus Pipe & Equipment Co v Sefansky,* [352 Mich 539; 90 NW2d 492 (1958)] and *Graham v Meyers,* [333 Mich 111; 52 NW2d 621 (1952)] relied upon by defendant, did not turn upon defendants' knowledge of the falsity of the alleged misrepresenta-

tions and, therefore, the Court did not reexamine the rule of *Converse v Blumrich* which has been followed in this State whenever such cases present the issue of scienter. The 2 cases relied upon by defendant were decided on appeal against the plaintiffs because, in *Columbus Pipe, supra,* the proofs failed to disclose reliance was placed upon the representations claimed to be false and because, in *Graham, supra,* there was no claim or proof that defendants made any representations regarding the defect subsequently discovered by the purchaser. Unfortunately, without acknowledging the limited applicability in Michigan of the general rule stated in 20 Cyc, quoted above, our opinions in both cases made reference generally to its requirement of proof of knowledge. Other cases, not cited by counsel, have likewise referred without qualification, to the same quotation from 20 Cyc or upon prior cases which have done so. See, for example, *Smith v Taber,* 362 Mich 619 [107 NW2d 761 (1961)]; *A & A Asphalt Paving Co v Pontiac Speedway, Inc,* 363 Mich 634 [110 NW2d 601 (1961)]; *Wheeler v Martin,* 364 Mich 41 [110 NW2d 635 (1961)]. But none of these cases required the Court to consider proof of scienter, or the lack thereof. The decisions turned upon absence of proof of misrepresentation. We have found no case in Michigan contrary to the rule of *Converse v Blumrich,* when determination of the issue of scienter was necessary to decision. As late as last year, in *Kroninger v Anast,* 367 Mich 478 [116 NW2d 863 (1962)], this Court reaffirmed its adherence to the *Converse* rule.

"In the case at bar, plaintiff was entitled to have the jury instructed, as he requested the trial judge to do, that defendant might be found guilty of actionable misrepresentations even though the representation was made in good faith believing it to be true. It was error to charge the jury, to the contrary, that plaintiff had the burden of proving that defendant made the representation knowing that it was false or that he made it recklessly without any knowledge of its truth and as a positive assertion that it was so. This error requires our reversal and remand for new trial."

Here, we find that plaintiffs' claim properly

pleads only nondisclosure of a hidden defect rather than misrepresentation, and, but for our conclusion regarding the misrepresentation issue discussed below, we would conclude that the trial court properly granted summary judgment. GCR 1963, 117.2(1).

From our review of the events below, we are persuaded that there were material issues of fact and that the trial court improperly granted summary judgment under GCR 1963, 117.2(3).

The parties argued and the trial court expressly ruled that defendant Anthony Koshar's representations to plaintiffs that everything in the basement was brand new, that plaintiffs had nothing to worry about, and that everything was working fine was "puffing" and not a material misrepresentation. Thus, notwithstanding lack of a sufficiently specific pleading alleging fraudulent misrepresentation, the defendants' motion for summary judgment and the plaintiffs' response thereto put the matter squarely before the trial judge and properly preserves the matter for appeal.

Michigan law plainly differentiates between actionable frauds by agents and principals. Where a defendant is charged with misrepresentation as a principal, his untrue statement, though made in ignorance of its falsity, is actionable, where plaintiff relies on the statement to his loss. *Converse v Blumrich, supra, Irwin v Carlton, supra.* But where, as here, an agent is charged with fraud, the plaintiff must show the additional element that the agent made the questionable representation knowing it to be false or made it recklessly without knowledge of its truth and as a positive assertion. *Smith v Taber,* 362 Mich 619, 622-623; 107 NW2d 761 (1961), *A & A Asphalt Paving Co v Pontiac Speedway, Inc,* 363 Mich 634, 639; 110 NW2d 601 (1961), *Irwin v Carlton, supra,* 95-96.

Moreover, Michigan law recognizes that false statements which are made recklessly are the legal equivalent of those which are intentionally false. *Callihan v Talkowski,* 372 Mich 1, 4; 124 NW2d 788 (1963), *Banque de Depots v National Bank of Detroit,* 491 F2d 753, 756-757 (CA 6, 1974), *Irwin v Carlton, supra.* Thus, even if Anthony Koshar had no knowledge of the defect, an issue remains as to whether his statement was recklessly false. The question is not whether he knew that his statement was false, but rather whether his statement, if recklessly false, exerted a material influence, among other considerations, on plaintiffs' decision to purchase. *Callihan, supra,* 6.

The factual issue is one for the factfinder and its outcome must be determined after trial. We conclude that, as to defendant Anthony Koshar and Koshar Real Estate, the trial court improperly granted summary judgment. However, as to Beverly Matthes, Teri Koshar and United Farm Agency, plaintiffs presented no facts in avoidance of those defendants' summary judgment motion and, therefore, the trial court correctly granted summary relief as to those defendants.

We note that paragraph 21(c) of plaintiffs' complaint alleges breach of implied warranties. The sufficiency of this cause of action was never pursued below nor was it raised on appeal. We consider it abandoned. Likewise, on appeal, plaintiffs raise for the first time a theory of "negligent" misrepresentation based on the relationship between an agent for the seller and the buyer of real property. We do not consider the issue, as it is raised for the first time on appeal. *Darin & Armstrong v Ben Agree Co,* 88 Mich App 128, 137; 276 NW2d 869 (1979).

Affirmed in part, reversed in part and remanded for proceedings consistent with this opinion.