### DIXON v. DIXON

1. FRAUD—ACTIONABLE FRAUD—ELEMENTS OF CAUSE OF ACTION.
   The general rule is that before there can be a finding of actionable fraud it must appear that defendant knowingly or recklessly made a material representation which was false, that the representation was made with the intent that it be acted upon by plaintiff, and that plaintiff acted upon it and was injured as a result.

2. FRAUD—ACTIONABLE FRAUD—ELEMENTS OF CAUSE OF ACTION—INTENTION.
   Actionable fraud may be predicated on a promise accompanied by a present intention not to perform it and made for the

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 37 Am Jur 2d, Fraud and Deceit §§ 12–19.
[3] 37 Am Jur 2d, Fraud and Deceit §§ 223, 224.

purpose of deceiving the promisee and inducing him to act where otherwise he would not have done so.

3. Fraud—Actionable Fraud—Complaint—Sufficiency.

Plaintiff's allegations that defendant promised to sign an agreement to liquidate certain property that was the subject of a will when defendant's actual intention was to have the will admitted to probate and then to refuse to sign the agreement *held* not sufficient to state a cause of action for fraud where plaintiff did not show that he was deceived in any way or that he relied to his detriment on defendant's promise.

Appeal from Wayne, Lila M. Neuenfelt, J. Submitted Division 1 October 9, 1968, at Detroit. (Docket No. 4,715.) Decided February 24, 1969.

Complaint by Leonard C. Dixon against Eva Oreatha Dixon for fraud. Defendant's motion for summary judgment granted. Plaintiff appeals. Affirmed.

*Charles H. Novelli,* for plaintiff.

BEFORE: J. H. Gillis, P. J., and R. B. Burns and Kelley,* JJ.

Kelley, J. In this action for fraud defendant's motion for summary judgment requires delineation of plaintiff's allegations. Samuel F. Dixon and his wife, defendant Eva Oreatha Dixon, made a joint will giving to the survivor of them a life estate in a certain store building, together with authorization for the survivor "to operate, lease or sell the business interests but not the building or land." Upon the survivor's death, one-half of the remainder was to be given to plaintiff, son of Mr. Dixon and stepson of defendant. The will further provided tha'

---

* Circuit Judge, sitting on the Court of Appeals by assignment.

any beneficiary who instituted or took part in any contest of the will would receive nothing. Following the death of Mr. Dixon, defendant's petition for probate of the will was set for hearing on October 18, 1966. Plaintiff's attorney advised defendant's attorney that plaintiff had "certain objections" to the will and had "serious doubts over the health of his stepmother * * * and her business acumen, and her ability to preserve the remainderman interest granted to him." Plaintiff's counsel proposed that the "store be sold and liquidated and that the proceeds thereof be equitably distributed among the prospective heirs." When defendant agreed to sell the store, the date of hearing was adjourned to November 1 "to work out the details of the agreement." At a conference on October 31 at which defendant did not appear, although she "was supposed to appear", the "basic groundwork for the agreement was made" and plaintiff's counsel "submitted to" defendant's counsel "an agreement to convey." By November 1 (the next day) defendant "still had signed no agreement to convey" and plaintiff's counsel "expressed complete willingness to amend any provision of the agreement in any manner save the provisions about sale as soon as practicable." On November 1, "a conference was had in the hall outside of" the probate courtroom and defendant "said that she would sign the agreement, but not until after the will was admitted to probate." Defendant retained different counsel who requested and obtained an adjournment of the hearing to December 7 to allow him "to prepare his case." Because he had to appear in another court on December 7 plaintiff's counsel obtained an adjournment of the hearing to December 14. At a second conference held December 13, "it appeared possible that the original agreement to convey, drawn up by plaintiff's counsel could

be utilized to end the problem facing the parties with regard to disposition of the assets of the estate." On December 14, defendant's counsel stated that defendant "was not going to sign any agreement to convey and that the probating of the estate would take place that day", and that defendant claimed sole ownership of the store, "a new legal theory not theretofore considered by the parties."

On December 21 plaintiff commenced the present case in circuit court. Without any itemization he sought $10,000 "including punitive and exemplary damages for the said defendant's tortious misrepresentations." He also pleaded that he did not wish to contest the will, and in his prayer stated that he sought a "declaratory judgment of the rights of the parties hereto, and the effectiveness of the provisions" of the will, and "a construction of the effects of said instrument, and the legal relationship of the parties; however none of the above is to be construed as a contest of said will, nor is the plaintiff * * * asking the court to decide questions as to the validity of the said instrument or testamentary capacity of the purported testator." Further, he prayed for an order staying the probate proceedings.

Defendant filed a motion for summary judgment pursuant to GCR 1963, 117.2(1).

On July 5, 1967, the probate court entered an order interpreting and construing the will to give defendant a life estate in the store, with one-half the remainder to plaintiff.

On September 22 plaintiff filed an amended complaint generally repeating his allegations as to fraud, but further alleging: that in reliance upon defendant's representations, plaintiff refrained from suing for waste resulting from a decline in business while defendant operated it; as his only itemization of damages, that plaintiff "has suffered expenses in

attorney's fees in the amount of Two Thousand Dollars." Seeking relief only for fraud, he stated:

"It is the contention of the plaintiff herein and plaintiff avers that all of the promises and representations made by the defendant were false, and that it was the belief of the defendant that she could foreclose and prejudice the rights of the plaintiff if she could have the will admitted to probate without signing the agreement, and that it was the intent of the defendant to have the will admitted to probate and then refuse to sign the agreement."

Plaintiff appeals from an order granting defendant's motion for summary judgment.

The general rule is that to constitute actionable fraud it must appear: (1) that defendant made a material representation; (2) that it was false; (3) that when he made it he knew that it was false, or made it recklessly, without any knowledge of its truth and as a positive assertion; (4) that he made it with the intention that it be acted upon by plaintiff; (5) that plaintiff acted in reliance upon it; and (6) that he thereby suffered injury. *A & A Asphalt Paving Company* v. *Pontiac Speedway, Inc.* (1961), 363 Mich 634, 639.

Misrepresentation may consist of the making of a promise coupled with the promisor's present intent not to keep it. *Laing* v. *McKee* (1865), 13 Mich 124, 126. More fully stated, fraud may be predicated on a promise accompanied by a present intention not to perform it and made for the purpose of deceiving the promisee and inducing him to act where otherwise he would not have done so. *Ainscough* v. *O'Shaughnessey* (1956), 346 Mich 307, 316. *Kefuss* v. *Whitley* (1922), 220 Mich 67, 83–86.

Plaintiff alleges a promise to sell the store, made by defendant about October 18. On December 14

plaintiff learned definitely that she did not intend to keep this promise. Any fraud basis for this action arose in this period of less than two months. All during this time both parties were represented by counsel in the probate proceeding and in negotiation of terms of an agreement to sell.

Her intent, plaintiff alleges, was "to have the will admitted to probate and then refuse to sign the agreement;" her scheme, to "foreclose and prejudice the rights of the plaintiff if she could have the will admitted to probate without signing the agreement." Plaintiff alleges neither the conclusion nor facts showing either that defendant's promise deceived him in any way, or that he relied on it so that his rights were prejudiced in the manner he claims defendant intended. To be actionable, plaintiff must have relied upon the misrepresentation. *A & A Asphalt Paving Company* v. *Pontiac Speedway, Inc., supra,* p 639. Represented by counsel at all times, plaintiff warily avoided defendant's intended trap.

In plaintiff's amended complaint, filed over 10 months after he knew defendant would not keep her promise, he first mentioned attorney fees and waste. The very nature of his initial proposition, to sell the store and equitably divide the proceeds between life tenant and remainderman, is such as normally would engender much negotiation. His pleadings indicate that the parties did negotiate. Obviously he did not incur attorney fees in failing to contest the will or in failing to sue for waste. If during the limited period of negotiations defendant committed waste, plaintiff presumably may seek redress. He has not pleaded that defendant's fraud deprived him of this right. Plaintiff fails to relate either attorney fees or waste to defendant's alleged scheme.

Affirmed.   No costs, appellee not having filed a brief.

All concurred.