LEVI v WINTERS FLOOR COVERING, INC.

1. EQUITY—FRAUD—WRITTEN CONVEYANCES—DEEDS—REFORMATION.
   Equity has the power to reform a written conveyance if fraud exists.

2. TRIAL—TRIER OF FACT—WITNESSES—CREDIBILITY OF WITNESS.
   The credibility and weight to be given to the testimony of a witness is for the trier of the facts.

3. APPEAL AND ERROR—FINDINGS OF FACT—CLEAR ERROR.
   The Court of Appeals will not reverse the findings of a trial court where those findings are supported by evidence and the Court of Appeals is not convinced that they are clearly erroneous.

4. EQUITY—DEEDS—WRITTEN CONVEYANCES—REFORMATION—INJURY—DAMAGES—EASEMENTS.
   Injury and damage, both of which are elements necessary to reform a written instrument, were established where a plaintiff sold land adjacent to his business at a reduced price because of an oral agreement that he would retain an easement on a portion of the land, where the plaintiff needed the easement for parking for customers, and where the defendant purchaser thereafter refused to grant the easement.

5. EASEMENTS—VENDOR AND PURCHASER—SALES OF EASEMENTS—CONDITIONAL SALES OF EASEMENTS—REAL PARTIES IN INTEREST.
   The parties to an easement agreement are the real parties in interest in a dispute over that agreement, and a subsequent purchaser of land who enters into a separate agreement with

REFERENCES FOR POINTS IN HEADNOTES
[1, 4] 13 Am Jur 2d, Cancellation of Instruments § 16 *et seq.*
   27 Am Jur 2d, Equity §§ 3, 20, 22.
   37 Am Jur 2d, Fraud and Deceit §§ 324–326, 337–339, 481.
   66 Am Jur 2d, Reformation of Instruments §§ 24–27.
[2] 58 Am Jur, Witnesses § 860 *et seq.*
[3] 5 Am Jur 2d, Appeal and Error § 841.
[5] 25 Am Jur 2d, Easements and Licenses § 116.
   Necessary parties defendant to suit to prevent or remove obstruction or interference with easement of way. 28 ALR2d 409.

his seller regarding sale of the easement subject to successful litigation is not a necessary party to the dispute, and the agreement regarding sale of the easement is irrelevant to the issue being tried.

Appeal from Saginaw, Hazen R. Armstrong, J. Submitted Division 3 October 15, 1974, at Lansing. (Docket No. 18882.) Decided December 5, 1974. Leave to appeal denied, 393 Mich 813.

Complaint by Gene R. and Donna M. Levi against Winters Floor Covering, Inc. for reformation of a deed. Judgment for plaintiffs. Defendant appeals. Affirmed.

*Hamed W. Suffety,* for plaintiffs.

*Koepke & Titus,* for defendant.

Before: HOLBROOK, P. J., and R. B. BURNS and BEBEAU,* JJ.

BEBEAU, J. This is a case in equity seeking the reformation of a deed. Plaintiffs owned a Bonanza Restaurant and held the Bonanza land and adjacent land under land contract.

Plaintiffs' claim that a piece of property west of the Bonanza containing a 100-foot frontage on a main street was sold to defendant for $30,000 subject to a 30-foot easement next to the Bonanza for parking purposes. The papers signed by the parties did not include the easement, because defendant indicated that it could not secure proper financing if the easement appeared in the transfer, and agreed to execute such an easement after the financing was secured and the transaction closed. Defendant subsequently refused to grant the easement. This action is to reform the deed and enforce the easement.

* Circuit judge, sitting on the Court of Appeals by assignment.

Defendant denies any agreement with plaintiffs as to any easement.

Judgment was entered for plaintiffs. The court, acting without a jury, stated:

"The court finds that prior to April of 1969, the parties agreed that the Winters Floor Covering, Inc., would purchase 100 feet immediately adjacent to the Bonanza Restaurant and that plaintiffs would retain a parking easement over the East 30 feet of the property to be conveyed by them to defendant, and the purchase price was accordingly reduced * * * .

"That Ezra Jack Winters wanted the 30-foot easement left out of the deed from plaintiffs to defendant so as not to jeopardize its intended loan from a local bank to build a building on the subject property, but Ezra Jack Winters did agree, prior to the signing of the deed, that the defendant would after its loan was closed, convey the 30-foot easement to plaintiffs."

Defendant claims the court's finding of fact concerning the agreement of the parties and fraud should be set aside as clearly erroneous. GCR 1963, 517.1.

The parties agree upon the principle that equity has the power, if fraud exists, to reform a written conveyance. *Fred L Alpert Industries, Inc v Oakland Metal Stamping Co,* 379 Mich 272; 150 NW2d 765 (1967).

The testimony is conflicting. Plaintiffs claim an easement agreement. Defendant's witnesses, Winters and Clark, corporation officers, deny such agreement. The credibility and weight to be given to the testimony of a witness is for the trier of the facts. The trial court chose to believe plaintiffs. We are not persuaded to rule differently since the trial judge was in a better position to determine credibility by observing witness conduct and demeanor. *Osius v Dingell,* 375 Mich 605; 134 NW2d 657

(1965); *Williams v Griffin,* 35 Mich App 179, 182; 192 NW2d 283, 284 (1971).

Evidence supports the court's findings and we are not convinced these findings are clearly erroneous. *Lieberman v Solomon,* 24 Mich App 495; 180 NW2d 324 (1970); *Miller Industries, Inc v Cadillac State Bank,* 40 Mich App 52, 56; 198 NW2d 433, 435 (1972).

The court found the easement agreement caused plaintiffs to sell at a reduced price and it was needed for Bonanza parking. Contrary to defendant's position, this establishes injury and damage, elements necessary to reform a written instrument. Cf. *Alpert, supra,* p 276–277; 150 NW2d 767; and *A & A Asphalt Paving Co v Pontiac Speedway, Inc,* 363 Mich 634, 639; 110 NW2d 601, 603–604 (1961).

Defendant contends that an easement by necessity was not shown by the testimony since the Bonanza business could continue by parking in the back rather than to the east and adjacent to the building. This argument misses the point. Plaintiffs insisted upon enforcing the bargained for easement of 30 feet next to the restaurant. The court only enforced what the parties intended.

Prior to suit, plaintiffs sold the Bonanza to John and Eva Zestos. By a separate agreement, plaintiffs, if successful in litigation, would sell the 30-foot easement to the Zestoses for $10,000. Defendant claimed the Zestoses to be parties in interest and moved for joinder. The court denied the motion.

The parties to the easement were the real parties in interest. GCR 1963, 201.2. Any interest the Zestoses had was future and contingent. They were not needed to enter a valid judgment. GCR 1963, 205.2(1). There was no proof of prejudice.

GCR 1963, 205.2(3). No error was committed in denying defendant's joinder motion.

During trial, defendant offered Exhibit 502 into evidence. The exhibit contained the previously mentioned written agreement of plaintiffs to transfer the easement to Zestoses if the litigation was successful. Plaintiffs' objection on the grounds of irrelevancy was sustained by the court. We conclude that this agreement was irrelevant. What was to be done between plaintiffs and the Zestoses if the lawsuit was successful has nothing to do with whether there was an agreement to reserve an easement. This had little or nothing to do with the issue being tried. *White v Bailey,* 10 Mich 155 (1862); *Obermiller v Patow,* 45 Mich App 606, 611; 207 NW2d 152, 155 (1973).

Affirmed, costs to plaintiffs.

All concurred.